**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 22 2012, 8:45 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**VICTORIA L. BAILEY**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DWAYNE RHOINEY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1107-CR-650 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Charles A. Wiles, Senior Judge
Cause No. 49G03-0410-PC-182728

**May 22, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

Dwayne Rhoiney appeals the sentence the trial court imposed upon remand from this Court.  We affirm.

## ISSUE

Rhoiney raises one issue, which we restate as:  whether the trial court abused its discretion in the course of resentencing him.

## FACTS AND PROCEDURAL HISTORY

The facts as stated in Rhoiney's direct appeal are as follows:

> On the evening of September 18, 2004, Rhoiney and an unidentified companion drove to [Gary] Wemer's house where Wemer and his cousin Charles Cook were unloading plywood.  Cook, Rhoiney, and Rhoiney's companion got into an argument over money Rhoiney believed Cook had stolen some months earlier.  Rhoiney threatened to kill Cook.  Rhoiney's companion had a gun.  Rhoiney threatened to kill Cook's girlfriend Victoria Newland, and then Rhoiney and his companion left.
> Cook called Newland to warn her and tell her Wemer's girlfriend, Alicha Walton, was coming to pick her up.  When Walton started to drive away from Wemer's house, she saw Rhoiney walking toward the house with a gun.  Because her child was in the house, Walton flashed her headlights at Rhoiney to attract his attention.  He walked over to her vehicle, pointed a gun at her, and threatened her.  She told him Cook had returned to his own house and he left.  Walton then went back inside and told Cook and Wemer that Rhoiney was on his way to Cook and Newland's house.  The men left for Newland's house in separate vehicles and by separate routes.
> Newland was on the porch when Wemer arrived.  Wemer got out of the car and told Newland to get in because he was taking her back to his house.  Rhoiney and his companion pulled up as Newland reached Wemer's vehicle.  Rhoiney got out of the car with a gun and asked Wemer if he knew where the money was.  Wemer said he did not.  Rhoiney told Wemer to stop or he would shoot.  Wemer stopped.  Wemer and Rhoiney were face-to-face and about five or six feet apart.  Newland testified:
>
> > Some lights came up the road, and [Rhoiney] looked at Gary Wemer, and the trigger went off on the gun.  And then he got

> in the car. After he shot Gary, he turned around and looked at me and acted kind of frantic, got in the car and rushed off.
>
> (Tr. at 325.) Cook arrived as Rhoiney sped off. Wemer later died of a gunshot wound to the stomach. Newland identified Rhoiney as the person who shot Wemer.

*Rhoiney v. State* (*Rhoiney I*), No. 49A02-0602-CR-119, slip op. at 2-3 (Ind. Ct. App. Dec. 8, 2006), *trans. denied.*

The State charged Rhoiney with murder, a felony, Ind. Code § 35-42-1-1 (2001); criminal confinement, a Class B felony, Ind. Code § 35-42-3-3 (2002); and carrying a handgun without a license, a Class A misdemeanor, Ind. Code § 35-47-2-1 (2004). The jury found him guilty of all charges. The trial court sentenced Rhoiney to an aggregate term of sixty-six years. Rhoiney appealed, challenging the sufficiency of the evidence supporting his murder conviction. A panel of this Court affirmed the conviction. *See Rhoiney I*, slip op. at 4.

Next, Rhoiney filed a petition for post-conviction relief. The post-conviction court denied Rhoiney's petition after a hearing, and Rhoiney appealed. A panel of this Court reversed the post-conviction court's judgment, concluding that Rhoiney received ineffective assistance of appellate counsel because counsel failed to challenge Rhoiney's sentence. *See Rhoiney v. State* (*Rhoiney II*), 940 N.E.2d 841, 848 (Ind. Ct. App. 2010), *trans. denied.* This Court remanded to the trial court to resentence Rhoiney. *See id.*

On remand, the trial court held a hearing. The trial court noted as an aggravating factor that the case involved multiple victims. At the end of the hearing, the trial court sentenced Rhoiney to fifty-five years for murder, six years for criminal confinement, and

3

one year for carrying a handgun without a license. The trial court determined that the murder and criminal confinement sentences would be served consecutively, and the carrying a handgun sentence would be served concurrently, for an aggregate sentence of sixty-one years. This appeal followed.

DISCUSSION AND DECISION

Rhoiney argues that the trial court abused its discretion on remand by identifying an improper aggravating factor and by sentencing him to consecutive sentences. Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* A trial court abuses its discretion when it: (1) fails to enter a sentencing statement; (2) enters a sentencing statement that includes reasons that are unsupported by the record; (3) enters a sentencing statement that omits reasons that are clearly supported by the record and advanced for consideration; or (4) enters a sentencing statement that includes reasons that are improper as a matter of law. *Id.* at 490-91.

Rhoiney contends that the trial court should not have identified the existence of multiple victims as an aggravating factor because the trial court was not allowed to find an aggravating factor that had not been cited by the original sentencing court. We disagree. In *O'Connell v. State*, 742 N.E.2d 943 (Ind. 2001), our Supreme Court reversed O'Connell's sentence because the sentencing order did not permit reasonable review of

4

the sentence. Specifically, the trial court did not specify the aggravating factors that justified consecutive sentences. Therefore, our Supreme Court determined that a new sentencing order was needed. The Court stated:

> this Court occasionally remands criminal cases to trial courts for new sentencing orders. Unless this Court specifically directs otherwise, a trial court's responsibility in that circumstance is to produce a new sentencing order that responds to the concerns this Court has raised. Depending upon the nature of those concerns, this responsibility may be discharged by the trial court (1) issuing a new sentencing order without taking any further action; (2) ordering additional briefing on the sentencing issue and then issuing a new order without holding a new sentencing hearing; or (3) ordering a new sentencing hearing at which additional factual submissions are either allowed or disallowed and then issuing a new order based on the presentations of the parties.

*Id.* at 952-53; *see also Taylor v. State*, 840 N.E.2d 324, 342 (Ind. 2006) (determining that Taylor was entitled to post-conviction relief and remanding for resentencing without limitation upon the trial court's sentencing authority).

In *Rhoiney II*, this Court remanded to the trial court for resentencing. 940 N.E.2d at 848. This Court did not place any limitations upon the trial court's sentencing authority or direct the trial court to proceed in any specific manner. Based upon our Supreme Court's discussion in *O'Connell*, we conclude that the trial court acted within its discretion by holding a new sentencing hearing and by considering additional factual submissions by the parties. Thus, the trial court did not abuse its discretion by citing the existence of multiple victims as an aggravating factor.

Rhoiney cites *Neff v. State*, 849 N.E.2d 556 (Ind. 2006), in support of his claim that the trial court was barred from finding additional aggravating circumstances on resentencing. In *Neff*, the State asked our Supreme Court to determine whether a panel of

5

this Court erred by revising Neff's sentence instead of remanding for a new sentencing hearing after this Court determined that all of the aggravating factors cited by the trial court were invalid except for Neff's criminal history. Our Supreme Court noted that there is no single determinative practice in deciding whether to remand a case to allow the State to prove additional aggravators. Under the facts of that case, our Supreme Court concluded that the State was not entitled to a second opportunity to prove aggravating factors, and the Court of Appeals did not err by choosing to revise Neff's sentence. Our Supreme Court expressed a hope that its decision would "provide basic guidelines when dealing with *Blakely*-related litigation." *Id.* at 560 (referring to *Blakely v. Washington,* 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004)).

By contrast, in *Rhoiney II* there is no indication that this Court considered revising Rhoiney's sentence rather than remanding for resentencing. Furthermore, Rhoiney did not raise any claims under *Blakely* in *Rhoiney II* or in this appeal. Therefore, *Neff* is distinguishable.

Next, we must determine whether the trial court erred by imposing consecutive sentences. In order to impose consecutive sentences, the trial court must find at least one aggravating circumstance. *Frentz v. State*, 875 N.E.2d 453, 470 (Ind. Ct. App. 2007), *trans. denied.* As we have already noted, the trial court properly cited as an aggravating factor that Rhoiney's crimes affected multiple victims. Therefore, the trial court's imposition of consecutive sentences was not an abuse of discretion. *See Tyler v. State*, 903 N.E.2d 463, 468 (Ind. 2009) (determining that the trial court's imposition of

consecutive sentences was justified because Tyler committed offenses against multiple victims).

Rhoiney claims that the trial court failed to weigh the aggravating factor of multiple victims against the mitigating factors. A trial court has no obligation to weigh aggravating and mitigating factors against each other when imposing a sentence. *Anglemeyer*, 868 N.E.2d at 491. Thus, Rhoiney's claim is without merit.

## CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

FRIEDLANDER, J., and BAILEY, J., concur.