**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**VICTORIA L. BAILEY**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DWAYNE RHOINEY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1107-CR-650 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Charles A. Wiles, Senior Judge
Cause No. 49G03-0410-PC-182728

**September 7, 2012**

**OPINION ON REHEARING - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

We issued an opinion in *Rhoiney v. State*, No. 49A02-1107-CR-650 (Ind. Ct. App. May 22, 2012), affirming the sentence the trial court imposed upon Dwayne Rhoiney after remand from a previous appeal. Rhoiney has filed a petition for rehearing, asking that we reconsider our decision with regard to the weighing of aggravating and mitigating factors. We grant rehearing for the purpose of clarifying this issue but affirm our original opinion in all other respects.

Rhoiney argued in this appeal that the trial court, in resentencing him, failed to weigh the aggravating factor of multiple victims against the mitigating factors. In our opinion, we stated that the trial court did not need to weigh aggravating versus mitigating factors, citing *Anglemyer v. State*, 868 N.E.2d 482 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007). *Rhoiney*, slip op. at 7.

Rhoiney notes that he committed his crimes prior to the issuance of *Anglemyer*. In general, "the law [that is] in effect at the time that the crime was committed is controlling." *Collins v. State*, 911 N.E.2d 700, 708 (Ind. Ct. App. 2009), *trans. denied*. Rhoiney committed his crimes in 2004. Consequently, it is necessary to apply a pre-*Anglemeyer* standard of sentencing review. Prior to the issuance of *Anglemyer*, a sentencing court's statement was required to identify all significant aggravating and mitigating factors, state why each is considered to be aggravating or mitigating, and weigh the aggravating factors against the mitigating factors. *Montgomery v. State*, 694 N.E.2d 1137, 1141 (Ind. 1998).

In this case, Judge Charles A. Wiles presided over both the original sentencing hearing and the resentencing hearing.[1] At the original sentencing hearing, Rhoiney raised as mitigating factors his age (twenty-one at the time of sentencing), difficult childhood, drug addiction, remorse, and relatively minor criminal history. The trial court was "not sure" that Rhoiney's age was a mitigating factor, Original Sentencing Tr. p. 30, but determined that his remorse was a mitigating factor and that his criminal record was not "bad," *id.* at 31.

Upon both parties' request, the resentencing court incorporated the evidence from the first sentencing hearing into the resentencing hearing. The resentencing court then stated:

> [T]he Court is not going to reiterate the aggravators, the mitigators. Those were all specifically stated. The impact on the family, criminal history or lack of criminal history or whatever, that's all in the record and there's no sense or no useful purpose for the Court to go through those again. The only factor here we seem to be dealing with, as counsel points out, is the facts that there were multiple victims involved here and the Court didn't specifically define that as an aggravator and that perhaps is the reason the Court of Appeals sent this back.

> So considering different victims, and I would point out here assuming there were multiple murder victims here certainly the Court could consider multiple murder victims an enhanced or run the two and sentences [sic] consecutively which would have amounted to hundreds of years, perhaps.

> So on the resentencing, the Court today on the finding of guilty of murder is going to impose the sentence the Court did back several years ago of 55 years, which is the advisory sentence. On the criminal confinement charge as a Class B felony, the Court is going to sentence Mr. Rhoiney to the minimum sentence of six years and run that consecutive.

---

[1] Judge Wiles assumed senior judge status between the original sentencing hearing and the resentencing hearing.

And on the carrying a handgun without charge, the one year sentence is going to be run concurrent.

Resentencing Tr. pp. 21-22.

The only aggravating factor cited by Judge Wiles on resentencing was the presence of multiple victims. As the original sentencing court, Judge Wiles had the benefit of previously reviewing Rhoiney's mitigating circumstances. The resentencing court did not explicitly state that the aggravating factor of multiple victims outweighed the mitigating circumstances. Nevertheless, upon review of the transcripts it appears that the trial court balanced the aggravating and mitigating circumstances. *See White v. State*, 846 N.E.2d 1026, 1035 (Ind. Ct. App. 2006) (affirming where the record demonstrates that a balancing of aggravating and mitigating factors occurred even though the trial court did not explicitly state that it had weighed those factors), *trans. denied*.

Thus, under the pre-*Anglemyer* sentencing scheme, the trial court did not err in considering aggravating and mitigating factors. Subject to this clarification, our earlier opinion is affirmed in all respects.

FRIEDLANDER, J., and BAILEY, J., concur.