**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

**FILED**

Dec 09 2013, 9:58 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ANA M. QUIRK**
Public Defender
Muncie, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

JON ALAN YOUNG,                         )
                                        )
    Appellant-Defendant,             )
                                        )
        vs.                  )       No. 18A05-1303-CR-125
                                        )
STATE OF INDIANA,                       )
                                        )
    Appellee-Plaintiff.              )

APPEAL FROM THE DELAWARE CIRCUIT COURT
The Honorable Marianne L. Vorhees, Judge
Cause No.18C01-1208-FD-194

**December 9, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Jon Alan Young ("Young") appeals his thirty-month sentence after pleading guilty to one count of strangulation,[1] a Class D felony, contending that the trial court failed to give proper mitigating weight to his mental health issues.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On August 28, 2012, the State charged Young with: Count 1, strangulation, a Class D felony; and Count 2, domestic battery as a Class A misdemeanor. On January 15, 2013, Young signed a plea agreement stipulating that he would plead guilty to Count 1, the State would dismiss Count 2, and sentencing would remain open to the trial court's discretion. *Appellant's App*. at 24-25. The facts revealed at Young's guilty plea hearing show that, on August 21, 2012, in Delaware County, Young intentionally applied pressure to the neck and throat of his girlfriend and "obstructed her breathing or circulation." *Tr*. at 6. Young was aware of his actions when he committed them. *Id*. at 6-7.

During Young's February 13, 2013 sentencing hearing, the trial court accepted Young's plea of guilty to strangulation, a Class D felony, and entered judgment of conviction. After hearing evidence regarding aggravating and mitigating circumstances, the trial court found the following aggravating circumstances: Young was in a position of trust with the victim, who was his girlfriend; Young had a history of prior domestic battery-related convictions, including three for domestic battery and one for invasion of privacy; Young had failed to take advantage of his prior opportunities to rehabilitate himself outside

[1] *See* Ind. Code § 35-42-2-9.

the Department of Correction; and Young was on supervised probation in two Hendricks County cases when he committed the instant offense. *Id*. at 22-23.

The trial court found it to be a mitigating circumstance that Young entered a guilty plea, and, by doing so, accepted responsibility for the crime and saved the State the cost of going to trial. *Id*. at 23. Additionally, the trial court found Young's mental issues constituted a mitigating factor. *Id*. at 23-24.[2] The trial court found that the aggravating circumstances outweighed the mitigating circumstances and sentenced Young to thirty months in the Department of Correction; six months less than the maximum sentence Young could have received for a Class D felony. Young was given credit for 176 actual days served. *Id*. at 26. In addition, Young was ordered to pay a one dollar fine, court costs, and the public defender fee. *Id*. Young now appeals his sentence. Additional facts will be added where necessary.

## DISCUSSION AND DECISION

Trial courts are required to enter sentencing statements whenever imposing sentence for a felony offense. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on other grounds on reh'g,* 875 N.E.2d 218 (Ind. 2007). The statement must include a reasonably detailed recitation of the trial court's reasons for imposing a particular sentence. *Id*. If the recitation includes a finding of aggravating or mitigating circumstances, then the statement must identify all significant mitigating and aggravating circumstances and

---

[2] The trial court also rejected Young's contentions that the following should be mitigating factors: (1) the crime did not cause, nor did Young intend to cause, serious harm to the victim; and (2) imprisonment would cause "a great and undue hardship" on Young and would not serve the reformative purpose of Indiana's criminal justice system. *Tr*. at 24, 25. Because Young does not appeal the trial court's findings that these were not mitigating circumstances, we need not address them here.

explain why each circumstance has been determined to be mitigating or aggravating. *Id*. Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Id.* "An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id*. (quotation omitted).

One way in which a trial court may abuse its discretion is by failing to enter a sentencing statement at all. *Id*. Other examples include entering a sentencing statement that explains reasons for imposing a sentence, including a finding of aggravating and mitigating factors if any, but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law. *Id.* at 490-91. Young raises none of the above concerns and admits that "the trial court entered specific findings of aggravating and mitigating circumstances and provided a sentencing order containing those findings." *Appellant's Br*. at 12. Instead, he contends that the trial court abused its discretion when failed to give "proper consideration to four factors that bear on the weight that should be given to mental illness as a mitigating factor in sentencing." *Id*. at 10.

Our Supreme Court has identified four factors that bear on the weight, if any, that a trial court should give to mental illness in sentencing. *Conley v. State*, 972 N.E.2d 864, 874 (Ind. 2012) (citing *Krempetz v. State*, 872 N.E.2d 605, 615 (Ind. 2007)). Those factors are: "(1) the extent of the defendant's inability to control his or her behavior due to the disorder or impairment; (2) overall limitations on functioning; (3) the duration of the

4

mental illness; and (4) the extent of any nexus between the disorder or impairment and the commission of the crime." *Id.* (citing *Archer v. State*, 689 N.E.2d 678, 685 (Ind. 1997)).

In *Archer*, our Supreme Court further explained:

> [I]n a case where the court finds that defendant, who is mentally ill but able to distinguish right from wrong and therefore not legally insane, suffers from a serious mental illness, particularly a long-standing illness, or where that defendant's visions or voices led to bizarre behavior and played an integral part in the crime, the court may decide not to impose an enhanced sentence or may decide to otherwise accord significant weight to defendant's mental illness as a mitigating factor. On the other hand, where the mental illness is less severe and defendant appears to have more control over his thoughts and actions, or where the nexus between defendant's mental illness and the commission of the crime is less clear, the court may determine on the facts of a particular case that the mental illness warrants relatively little or no weight as a mitigating factor.

*Archer*, 689 N.E.2d at 685 (footnotes omitted).

Here, the trial judge specifically stated for the record that she had read through the sentencing memorandum, which contained the following statement:

> Attached to the Memorandum is Exhibit "A," incorporated herein, a report prepared for the purposes of sentencing by Dr. Frank Krause. In it, he recommends long term treatment for Jon Young's mental illness, which include post-traumatic stress disorder, major depressive disorder and, most importantly, borderline personality disorder. While these disorders would not rise to the level which would be needed for the affirmative defense of insanity, it is clear that these disorders impact Mr. Young in a dramatic way and have and, if left untreated, will continue to cause him significant problems interacting with others.

*Appellant's App.* at 107. During the sentencing hearing, Young's counsel suggested that "the way to get [Young] that treatment is by suspending a portion of the sentence on conditions of probation of that treatment. *Tr.* at 15. While Young set forth his various disorders, no evidence was provided regarding the duration of his disorders, whether the

disorders imposed limitations on Young's functioning or prevented him from controlling his behavior, or whether there was a nexus between the disorder and the commission of the crime.

Here, the trial court recognized Young's mental illness and found it to be a mitigating factor. In determining that Young's mental health issue would not be a significant mitigating circumstance, however, the trial court explained as follows:

> Defendant was suffering from some mental issues, which did not constitute a defense but may explain the crime. I do give this factor some weight, but not great weight. The way I look at it, Mr. Young, you knew you were suffering from mental issues, you knew you should be taking your medication. You've had many prior experiences with domestic battery. You knew or should have understood the consequences if you did not take your medication. Furthermore, Defendant was given several opportunities to address these issues in at least three (3) other domestic battery cases and failed to do so.

*Id*. at 23-24. The trial court did not abuse its discretion in failing to identify Young's mental illness as a strong mitigating circumstance. Under the facts before us, we cannot say that the trial court abused its discretion in sentencing Young to thirty months in the Department of Correction.

Affirmed.

ROBB, C.J., and RILEY, J., concur.

6