## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

FILED

Aug 16 2016, 10:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Nicholas A. Siler
West Baden Springs, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Timothy S. Morrow, Jr.,

*Appellant-Defendant,*

*v.*

State of Indiana,

*Appellee-Plaintiff.*

August 16, 2016

Court of Appeals Case No.
51A05-1603-CR-505

Appeal from the Martin Circuit Court

The Hon. Lynne E. Ellis, Judge

Trial Court Cause No. 51C01-1509-F5-148

**Bradford, Judge.**

# Case Summary

[1] Appellant-Defendant Timothy Morrow, Jr., agreed to plead guilty to Level 6 felony pointing a firearm with a cap of two years on his executed sentence. The

trial court sentenced Morrow to two and one-half years of incarceration, with six months suspended to probation. Morrow contends that the trial court abused its discretion in sentencing him and that his sentence is inappropriately harsh in light of the nature of his offense and his character. Because we disagree with both contentions, we affirm.

# Facts and Procedural History

On September 4, 2015, approximately six weeks after being released from juvenile detention, Morrow became involved in an altercation with his neighbor Jacob Breeden. During the fight, Morrow threatened to kill Breeden, drew a pistol, and pointed it at Breeden. On September 4, 2015, Appellee-Plaintiff the State of Indiana charged Morrow with Level 5 felony intimidation and Level 6 felony pointing a firearm.

On December 22, 2015, Morrow entered into a written plea agreement under which he agreed to plead guilty to Level 6 felony pointing a firearm, the State agreed to dismiss the Level 5 felony intimidation charge, and the State agreed that the executed portion of Morrow's sentence would be capped at two years. On February 2, 2016, Morrow pled guilty to Level 6 felony pointing a firearm and the trial court sentenced him to two and one-half years, with two years executed and six months suspended to probation. Morrow contends that the trial court abused its discretion in sentencing him and that his sentence is inappropriately harsh.

# Discussion and Decision

## I. Abuse of Discretion

[4] Under our current sentencing scheme, "the trial court must enter a statement including reasonably detailed reasons or circumstances for imposing a particular sentence." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *modified on other grounds on reh'g*, 875 N.E.2d 218 (Ind. 2008). We review the sentence for an abuse of discretion. *Id*. An abuse of discretion occurs if "the decision is clearly against the logic and effect of the facts and circumstances." *Id*.

[5] A trial court abuses its discretion if it (1) fails "to enter a sentencing statement at all[,]" (2) enters "a sentencing statement that explains reasons for imposing a sentence–including a finding of aggravating and mitigating factors if any–but the record does not support the reasons," (3) enters a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration," or (4) considers reasons that "are improper as a matter of law." *Id*. at 490-91. If the trial court has abused its discretion, we will remand for resentencing "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Id*. at 491. However, the relative weight or value assignable to reasons properly found, or to those which should have been found, is not subject to review for abuse of discretion. *Id*.

[6] Morrow contends that the trial court abused its discretion in failing to consider the aggravating and mitigating factors specifically listed in Indiana Code section 35-38-1-7.1. The statute, however, provides that "[i]n determining what sentence to impose for a crime, the court *may* consider the following aggravating [and mitigating] circumstances[.]" Ind. Code § 35-38-1-7.1(a), -7.1(b) (emphasis added). There is no requirement that a trial court generate a list of aggravating and mitigating circumstances, only that it state reasonably detailed reasons. *See Anglemyer*, 868 N.E.2d at 490. We conclude that the trial court has satisfied this requirement.

[7] In imposing the maximum two-year executed sentenced allowed under the plea agreement, the trial court focused on Morrow's previously squandered opportunities to reform himself. The trial court noted that Morrow had been before it "on juvenile issues" and was given opportunities of which he did not take advantage. Tr. p. 35. The trial court specifically noted that Morrow had been out of juvenile detention approximately six weeks when he pulled a gun on Breeden, noting that "that was opportunity number two to learn and walk the line." Tr. p. 36. The trial court also noted that Morrow was ineligible for community corrections "because he, he failed that" and that "the probation department doesn't want him." Tr. p. 36. The trial court stated, "Once again I'm going to leave it in his lap. Uh, I left it in his lap the first time and he really wasn't to[o] interested [in] being successful." Tr. p. 37. The record is clear that the trial court imposed a two-year executed sentence because it felt that

previous attempts at leniency have failed.  This is sufficient.  Morrow has failed to establish an abuse of discretion in this regard.

## II.  Appropriateness of Sentence

[8] We "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."  Ind. Appellate Rule 7(B).  "Although appellate review of sentences must give due consideration to the trial court's sentence because of the special expertise of the trial bench in making sentencing decisions, Appellate Rule 7(B) is an authorization to revise sentences when certain broad conditions are satisfied." *Shouse v. State*, 849 N.E.2d 650, 660 (Ind. Ct. App. 2006), *trans. denied* (citations and quotation marks omitted).  "[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008).  In addition to the "due consideration" we are required to give to the trial court's sentencing decision, "we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007).  As mentioned, the trial court sentenced Morrow to two-and-a-half years of incarceration, with six months suspended to probation.

[9]     The nature of Morrow's offense justifies his enhanced sentence. Morrow did much more than required to prove the offense of Level 6 felony pointing a firearm. During Morrow's argument with Breeden, in addition to pointing a gun at him, Morrow also threatened to kill him. Nothing in the record indicates that Morrow's actions were even remotely justified by anything Breeden did. As the prosecutor noted at sentencing, "this was an extremely dangerous situation" and "one half second away from murder." Tr. pp. 33, 34. Moreover, Morrow had only been free from juvenile detention for approximately six weeks when these events occurred.

[10]    Morrow's character also fully justifies his enhanced sentence. Morrow, who was eighteen years old at sentencing, had only recently been released from juvenile detention when he committed the acts that led to the instant conviction. Although the record does not contain the details of Morrow's history with the juvenile justice system, it would seem to be somewhat extensive. The prosecutor mentions Morrow's "fairly significant juvenile history" and that he has spent time in state institutions. Tr. p. 32. Morrow's history is significant enough that he is ineligible for community corrections and the probation department does not consider him to be a good candidate for probation. The trial court noted that Morrow had been before it on juvenile cases, had failed community corrections already, and that this case represented Morrow's "third opportunity." Tr. p. 36. In addition, Morrow was administered an Indiana Risk Assessment Tool, which indicated a high risk to reoffend if put on community supervision.

Despite Morrow's numerous opportunities to conform his behavior to societal norms, he has not yet chosen to do so. Morrow argues that his incarceration for this crime so soon after being released from juvenile detention prevents him from creating life for himself as an adult. This argument ignores, however, that Morrow himself is entirely responsible for that incarceration. Morrow has not persuaded us that his sentence is inappropriate in light of the nature of his offense and his character.

We affirm the judgment of the trial court.

Pyle, J., and Altice, J., concur.