ATTORNEYS FOR APPELLANT
Joel M. Schumm
Indiana University School of Law
Indianapolis, Indiana

Michael W. Reed
Reed & Earhart Attorneys at Law, P.C.
Warsaw, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 43S05-0606-CR-230

ALEXANDER J. ANGLEMYER,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Kosciusko Superior Court, No. 43D01-0505-FB-76
The Honorable Duane G. Huffer, Judge

**ON PETITION FOR REHEARING**

**October 30, 2007**

**Rucker, Justice.**

The defendant-petitioner, Alexander J. Anglemyer, seeks rehearing following our decision affirming his sentences for robbery and battery. We grant rehearing solely to clarify that a defendant who pleads guilty does not forfeit the opportunity to claim on appeal that the trial court should have considered his guilty plea a mitigating circumstance even though the defendant failed to assert this claim at sentencing.

A detailed recitation of the facts, procedural history, and background of this case is set forth in our original opinion. See Anglemyer v. State, 868 N.E.2d 482 (Ind. 2007). Here, we recite only the facts necessary to our decision on rehearing. For his conduct in beating, kicking, and taking money from a pizza delivery driver, Anglemyer was charged with robbery as a Class B felony and battery as a Class C felony. Anglemyer was arrested shortly after the assault. More specifically, the record shows an officer on bicycle patrol apprehended Anglemyer within minutes of the crime. Anglemyer later explained to a booking officer that "he thought it was going to be an easy steal" and that "he did not think he would get caught by a bike cop." App. at 25.

Anglemyer pleaded guilty as charged under terms of a plea agreement that provided in part that the "sentence will not exceed sixteen (16) years executed." App. at 8. The trial court imposed a sixteen-year sentence. On appeal, Anglemyer challenged his sentence as inappropriate under Indiana Appellate Rule 7(B). He also alleged trial court error in identifying and weighing aggravating and mitigating factors. Addressing this latter claim only, the Court of Appeals focused upon the scope of appellate review, as well as whether trial courts were still required to enter sentencing statements in light of the 2005 amendments to Indiana's sentencing statutes. We granted transfer to address these issues. However, we also addressed Anglemyer's claim about the inappropriateness of his sentence and his claim of trial court error in imposing sentence. Among other things, Anglemyer argued that the trial court overlooked as a mitigating factor his plea of guilty to the charges. Disposing of this argument, we observed that at his sentencing hearing Anglemyer did not mention his guilty plea as a factor in mitigation. We cited the general proposition that "the trial court does not abuse its discretion in failing to consider a mitigating factor that was not raised at sentencing." Anglemyer, 868 N.E.2d at 492 (citing Georgopulos v. State, 735 N.E.2d 1138, 1145 (Ind. 2000) and Creekmore v. State, 853 N.E.2d

523, 530 (Ind. Ct. App. 2006)); see also Spears v. State, 735 N.E.2d 1161, 1167 (Ind. 2000) ("If the defendant does not advance a factor to be mitigating at sentencing, this Court will presume that the factor is not significant and the defendant is precluded from advancing it as a mitigating circumstance for the first time on appeal."). We concluded, therefore, that this alleged mitigating circumstance was precluded from review. Anglemyer, 868 N.E.2d at 492.

We acknowledge that this general proposition has at least one important exception, namely: pleas of guilty. As we observed in a footnote in Francis v. State, 817 N.E.2d 235, 237 n.2 (Ind. 2004), "Because a sentencing court is inherently aware of the fact that a guilty plea is a mitigating circumstance, the language from [Spears, supra] . . . is not applicable." The same applies here. Although Anglemyer did not argue before the sentencing court that his guilty plea was a mitigating factor, this does not preclude him from raising the issue for the first time on appeal. We thus examine the trial court's failure to mention this factor under our abuse of discretion standard of review. This is so because one of the ways in which a trial court may abuse its discretion is by entering a sentencing statement which "omits reasons that are clearly supported by the record and advanced for consideration. . . ." Anglemyer, 868 N.E.2d at 490-91.

We have held that a defendant who pleads guilty deserves "some" mitigating weight be given to the plea in return. McElroy v. State, 865 N.E.2d 584, 591 (Ind. 2007) (citing Cotto v. State, 829 N.E.2d 520, 525 (Ind. 2005)). But an allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is not only supported by the record but also that the mitigating evidence is significant. See Anglemyer, 868 N.E.2d at 490-91. And the significance of a guilty plea as a mitigating factor varies from case to case. Francis, 817 N.E.2d at 238 n.3. For example, a guilty plea may not be significantly mitigating when it does not demonstrate the defendant's acceptance of responsibility, id., or when the defendant receives a substantial benefit in return for the plea. Sensback v. State, 720 N.E.2d 1160, 1165 (Ind. 1999).

Here, faced with a Class B and a Class C felony, Anglemyer was exposed to a potential maximum sentence of twenty-eight years. In exchange for his plea, Anglemyer received the benefit of a twelve-year reduction in sentence. This alone was a substantial benefit. Further,

several additional charges, including possession of marijuana as a Class A misdemeanor, false informing as a Class B misdemeanor, and illegal possession of alcohol by a minor as a Class C misdemeanor, were pending against Anglemyer at the time of his arrest. These charges were dismissed in exchange for Anglemyer's guilty plea. App. at 8, 14. This was a benefit as well.

As for the acceptance of responsibility, the record shows that the plea agreement was "more likely the result of pragmatism than acceptance of responsibility and remorse." Mull v. State, 770 N.E.2d 308, 314 (Ind. 2002) (citations omitted). This is so because the evidence against Anglemyer was overwhelming. See Primmer v. State, 857 N.E.2d 11, 16 (Ind. Ct. App. 2006), trans. denied (declaring a plea may "be considered less significant if there was substantial admissible evidence of the defendant's guilt"). And although Anglemyer expressed some remorse for his actions, stating, "I would just like to tell [the victim] myself, personally that I am very sorry. . . . I am very, very sorry," Tr. at 16, Anglemyer attempted to minimize his culpability by relying upon his lack of employment, mental impairment, and history of emotional and behavioral problems. Tr. at 13-15. In this case, Anglemyer has not demonstrated that his guilty plea was a significant mitigating circumstance. We therefore conclude that the trial court did not abuse its discretion by omitting reference to the plea when imposing sentence.

We grant rehearing and modify our original opinion as set forth herein. In all other respects the original opinion is affirmed.

Shepard, C.J., and Dickson, Sullivan and Boehm, JJ., concur.