Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 21 2012, 9:23 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DANIEL J. MOORE**
Laszynski & Moore
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRETT LYLE RORK, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 79A02-1110-CR-973 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE TIPPECANOE CIRCUIT COURT
The Honorable Donald L. Daniel, Judge
Cause No. 79C01-0704-FA-7

**May 21, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Brett Lyle Rork ("Rork") pleaded guilty to Class B felony dealing in cocaine and was sentenced to fourteen years, with twelve years served in the Department of Correction and two years served in community corrections. Rork appeals and argues that his sentence is inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

**Facts and Procedural History**

On February 27, 2006, Rork delivered 2.9 grams of cocaine to a confidential informant and an investigator with the Tippecanoe County Prosecutor's Office. As a result, the State charged Rork with Class A felony dealing in cocaine within 1,000 feet of a school and Class B felony possession of cocaine within 1,000 feet of a school. The State also alleged that Rork was a habitual substance offender.

On August 24, 2007, as part of a plea agreement, the State amended the Class A felony dealing in cocaine charge to a Class B felony and dismissed the remaining possession charge and habitual offender allegation. In exchange, Rork pleaded guilty to Class B felony dealing in cocaine. The plea agreement left sentencing to the discretion of the trial court. On October 12, 2007, the trial court sentenced Rork to fourteen years, with the first twelve years executed in the Department of Correction and the remaining two years served in the Tippecanoe County Community Corrections program.

Although pauper appellate counsel was appointed for Rork on October 29, 2007, counsel failed to timely perfect an appeal of Rork's sentence. On January 10, 2008,

counsel filed a petition for permission to file a belated notice of appeal, which the trial court granted. Rork's appellate counsel then submitted an appellant's brief, but it was not filed due to defects. When Rork's appellate counsel failed to correct the defects, Rork's appeal was dismissed for failure to prosecute. Thereafter, in response to a letter from Rork, the trial court appointed new appellate counsel for Rork, and Rork's new counsel sought permission to file another belated notice of appeal. The State did not object, and the trial court granted the petition. Rork's new notice of appeal was filed on October 17, 2011, and this appeal ensued.

**Discussion and Decision**

Rork argues that his sentence is inappropriate in light of the nature of the offense and the character of the offender. Although a trial court may have acted within its lawful discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of a sentence imposed by the trial court. Alvies v. State, 905 N.E.2d 57, 64 (Ind. Ct. App. 2009) (citing Anglemyer v. State, 868 N.E.2d 482, 491 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218). This appellate authority is implemented through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Anglemyer, 868 N.E.2d at 491. However, "we must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and

3

because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." Stewart v. State, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007). The burden is on the defendant to persuade us that his sentence is inappropriate. Reid v. State, 876 N.E.2d 1114, 1116 (Ind. 2007).

Rork committed Class B felony dealing in cocaine, for which the sentence range is six to twenty years, with an advisory sentence of ten years. Ind. Code § 35-50-2-5. Rork was sentenced to fourteen years, with twelve years executed in the Department of Correction and two years served in community corrections. Accordingly, Rork received a sentence above the advisory, but still well below the maximum sentence for his offense.

Rork's offense appears to be unremarkable in nature for its type: Rork delivered 2.9 grams of cocaine to a confidential informant and an investigator with the Tippecanoe County Prosecutor's Office. Rork correctly notes that his offense was nonviolent and that there is no indication that he was dealing in a large amount of drugs. Nevertheless, we note that the General Assembly has classified Rork's offense as a Class B felony, together with the resultant sentencing range.

However, Rork's character alone, as reflected in his lengthy criminal history, easily supports the trial court's imposition of a fourteen-year sentence. At the time of his sentencing, Rork, who was less than thirty years old, had already accumulated two felony and eight misdemeanor convictions. His felony convictions were for Class D felony theft and Class D felony intimidation, and his misdemeanor convictions include three convictions for minor consumption, two convictions for public intoxication, and one

4

conviction each of operating while intoxicated, criminal conversion, and possession of marijuana. As a juvenile, Rork was adjudicated a delinquent child for receiving stolen property. His probation in that matter was modified on two separate occasions because he tested positive for marijuana, and he was ultimately unsuccessfully terminated from probation. As an adult, Rork continued his pattern of violating the terms of his probation. Indeed, the State has filed nineteen petitions to revoke Rork's probation, six of which were found to be true. Additionally, Rork was on probation at the time of the instant offense, and four petitions to revoke his probation were pending at the time of his sentencing in this matter. We also note that Rork has failed to appear nearly twenty times, demonstrating a flagrant disregard for the authority of the court. Rork's pattern of law breaking and refusal to obey court orders demonstrates that he is unwilling or unable to conform his behavior to the law.

On appeal, Rork argues that his sentence is inappropriate because he suffers from drug and alcohol addiction. However, we note that Rork has been offered substance abuse treatment services on multiple occasions. As a juvenile, Rork received residential and outpatient substance abuse treatment but continued to test positive for marijuana. As an adult, Rork was ordered to complete substance abuse counseling, but he repeatedly failed to complete treatment as ordered and continued to consume drugs and alcohol. Accordingly, although it appears that Rork has issues with substance abuse, his failure to complete treatment as ordered and his continued abuse of drugs and alcohol even after the intervention of the criminal justice system reflect poorly on his character.

5

Rork also argues that his sentence is inappropriate because he took responsibility for his crime by pleading guilty and because he has made attempts to better himself by earning several educational certificates during his incarceration for this offense. However, Rork received a substantial benefit from pleading guilty. Specifically, the State amended the Class A felony dealing in cocaine charge to a Class B felony and dismissed the Class B felony possession of cocaine charge and the habitual substance offender allegation. Additionally, a petition to revoke Rork's probation in another matter was dismissed. Thus, it appears that Rork's decision to plead guilty was motivated by pragmatic concerns. And although we applaud Rork's efforts to further his education during his incarceration, his belated efforts do not outweigh his significant criminal history, his failure to respond to less restrictive alternatives to incarceration, and his pattern of disrespect for court orders. Under these facts and circumstances, and affording appropriate deference to the trial court's sentencing decision, we cannot conclude that Rork's fourteen-year sentence, with twelve years served in the Department of Correction and two years served in community corrections, is inappropriate.

Affirmed.

ROBB, C.J., and BAILEY, J., concur.