**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 28 2014, 9:03 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CHRIS P. FRAZIER**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

DAVID BALL,                               )
                                         )
    Appellant-Defendant,                 )
                                         )
       vs.                            )   No.  48A04-1308-CR-416
                                         )
STATE OF INDIANA,                        )
                                         )
    Appellee-Plaintiff.                  )

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Angela Warner Sims, Judge
Cause No. 48C01-1209-FD-1741

**February 28, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

Following his guilty plea and admission that he is a habitual substance offender, David Ball (Ball") received a three-year sentence for Possession of a Controlled Substance, as a Class D felony,[1] enhanced by three years due to his status as a habitual substance offender.[2] He challenges that sentence on belated appeal. We affirm.

## Issues

Ball presents two issues for review:

I.     Whether the trial court entered an adequate sentencing statement; and

II.    Whether his sentence is inappropriate.

## Facts and Procedural History

On November 20, 2012, Ball pled guilty to Possession of a Controlled Substance; he also admitted his status as a habitual substance offender. On January 8, 2013, Ball was sentenced to three years imprisonment in the Indiana Department of Correction for the Class D felony conviction, enhanced by three years due to his status as a habitual substance offender. The sentence was stayed pending Ball's anticipated admission into the Madison County Drug Court Program. Ball was rejected from participation in the drug court program due to a history of violence. On March 5, 2013, Ball appeared at a status hearing and the sentence stay was lifted. Ball was granted permission to pursue a belated appeal of his six-year sentence.

---

[1] Ind. Code § 35-48-4-7.

[2] I.C. § 35-50-2-10.

## Discussion and Decision

### Sentencing Statement

A person who commits a Class D felony has a sentencing range of between six months and three years, with the advisory term being one and one-half years. See I.C. § 35-50-2-7. Ball received the maximum sentence. Pursuant to Indiana Code section 35-50-2-10, a person who is adjudicated a habitual substance offender is subject to an enhancement time of between three and eight years. Ball received the minimal three-year enhancement. He argues that the trial court failed to provide an adequate sentencing statement when imposing the aggregate six-year sentence.

"So long as the sentence is within the statutory range, it is subject to review only for abuse of discretion." Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on other grounds, 875 N.E.2d 218 (Ind. 2007) (Anglemyer II). When imposing a sentence for a felony, the trial court must enter "a sentencing statement that includes a reasonably detailed recitation of its reasons for imposing a particular sentence." Id. at 491. The trial court's reasons must be supported by the record and must not be improper as a matter of law. Id. However, a trial court's sentencing order may no longer be challenged as reflecting an improper weighing of sentencing factors. Id.

At sentencing, the trial court articulated the relevant sentencing considerations: "the Court first finds as aggravating circumstances is [sic] your lengthy criminal history. Mitigation, that you've pled guilty in this particular cause saving the State time and costs."

3

(Tr. 25.) The trial court concluded, "given the extent of your lengthy history that aggravation clearly outweighs mitigating factors in this case." (Tr. 26.)

As such, the trial court supplied reasons peculiar to Ball and entered "a sentencing statement that includes a reasonably detailed recitation of its reasons." See id. We find no abuse of discretion.[3]

Appropriateness of Sentence

The authority granted to this Court by Article 7, § 6 of the Indiana Constitution permitting appellate review and revision of criminal sentences is implemented through Appellate Rule 7(B), which provides: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."

Under this rule, and as interpreted by case law, appellate courts may revise sentences after due consideration of the trial court's decision, if the sentence is found to be inappropriate in light of the nature of the offense and the character of the offender. Cardwell v. State, 895 N.E.2d 1219, 1222-25 (Ind. 2008); Serino v. State, 798 N.E.2d 852, 856-57

---

[3] Despite his articulation of an issue of inadequacy of the sentencing statement, it appears that the gravamen of Ball's complaint is that he was not permitted to serve his sentence in the drug court program. He contends that the trial court "simply ordered him to serve the previously stayed six-year sentence" after he was denied admission, and points to the "great disparity" between the two possible outcomes "one, a concentrated local treatment program to help him move past long-standing addictions and become a productive member of society; and the second, a straight six-year executed sentence in the Indiana Department of Correction, where he may or may not receive any treatment." Appellant's Brief at 11. Nonetheless, Ball does not claim that he has a statutory or common law entitlement to serve his sentence in the drug court program.

(Ind. 2003). The principal role of such review is to attempt to leaven the outliers. <u>Cardwell</u>, 895 N.E.2d at 1225.

According to the factual basis presented by the State in support of Ball's guilty plea, Ball possessed oxycodone without a valid prescription. There is nothing particularly remarkable in the nature of Ball's offense of possession of a controlled substance. As to his character, Ball has a substantial criminal history and a lengthy history of substance abuse.

Ball's criminal history includes thirty-eight convictions, seven of which are felonies. He has had probation revoked on seven occasions. Ball reported drinking alcohol and smoking marijuana, commencing at age eleven. He also reported using cocaine daily, experimenting with LSD and methamphetamines, and abusing pain pills. He owes in excess of $28,000 in child support.

Having reviewed the matter, we conclude that the trial court did not impose an inappropriate sentence under Appellate Rule 7(B), and the sentence does not warrant appellate revision. Accordingly, we decline to disturb the aggregate six-year sentence imposed by the trial court.

## Conclusion

The trial court did not abuse its discretion by failing to enter an adequate sentencing statement for a felony sentence. Ball's sentence is not inappropriate.

Affirmed.

FRIEDLANDER, J., and KIRSCH, J., concur.

5