Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 12 2014, 6:54 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**PATRICIA CARESS McMATH**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ALBERT J. LANE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 42A01-1401-CR-34 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE KNOX SUPERIOR COURT
The Honorable W. Timothy Crowley, Judge
Cause No. 42D01-1008-FB-095

**September 12, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Albert J. Lane ("Lane") was convicted in Knox Superior Court of Class B felony arson. The trial court ordered Lane to serve ten years with six years executed in the Department of Correction and four years suspended to probation. Lane appeals his sentence and argues the trial court abused its discretion by considering an aggravating circumstance not supported by the record.

We affirm.

**Facts and Procedural History**

On August 28, 2005, Lane, Chris Armes, and Ian Dutton burglarized a warehouse in Vincennes, Indiana. Lane and his accomplices stole various items from the warehouse and then set it on fire to cover up their crime. The warehouse was used to house numerous personal and collectible items of a local family, which included cars, trucks, trailers, furniture, tools, and the family's business records. The warehouse and its contents were destroyed by the fire and the total monetary loss was nearly $650,000.

After a lengthy arson investigation, on August 19, 2010, Lane was charged with Class B felony arson, Class C felony burglary, and Class D felony theft. A trial date was set for February 1, 2011, but the date was continued on Lane's motion. The trial date was then continued two additional times on Lane's motions. Finally, on October 31, 2013, Lane agreed to plead guilty to Class B felony arson, in exchange for dismissal of the burglary and theft charges and a ten-year cap on the sentence imposed.

Lane's sentencing hearing was held on December 30, 2013. Lane argued that he should be sentenced to home detention or work release because he has six children. Lane cares for his children and financially supports them. The trial court considered Lane's

2

proposed mitigating circumstance, but observed, that three of Lane's six children were born after Lane was charged in 2010. Tr. pp. 162-63.

During sentencing, the trial court also considered the size of the fire, and the firefighters and other emergency personnel who risked injury or death fighting the fire. The State did not submit any evidence to establish the number of responding emergency personnel or the risks they faced fighting the warehouse fire. The court then listed the following aggravating factors: 1) that the harm, injury, loss, or damages suffered by the victims were significant and greater than the elements necessary to prove commission of the offense; 2) that Lane has a history of criminal and delinquent behavior; and 3) that "the fire was a significant fire, a large number of emergency personnel involved, presenting substantial risk to firemen and emergency personnel." Tr. p. 168. The trial court considered Lane's guilty plea and the undue hardship on his dependents as mitigating circumstances.

After determining that the aggravating circumstances outweighed the mitigating circumstances, the trial court ordered Lane to serve a ten-year sentence. The court ordered six years executed in the Department of Correction and four years suspended to probation. As a conditions of his probation, Lane was ordered to serve three years in work release and one year on home detention. Finally, the trial court also ordered restitution in the amount of $120,000, which represented the amount of damages not covered by the victims' insurance policies. Lane now appeals. Additional facts will be provided as necessary.

**Discussion and Decision**

3

Lane argues that the trial court abused its discretion when it considered the size of the fire and the risk to the emergency responders as an aggravating circumstance because it was not supported by the record. Sentencing decisions "rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion." Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. Id.

A trial court may abuse its sentencing discretion by: (1) failing to enter a sentencing statement, (2) *finding aggravating or mitigating factors unsupported by the record*, (3) omitting mitigating factors clearly supported by the record and advanced for consideration, or (4) giving reasons that are improper as a matter of law. Id. at 490-91 (emphasis added). Because a trial court no longer has any obligation to weigh aggravating and mitigating factors against each other when imposing a sentence, it cannot now be said to have abused its discretion in failing to properly weigh such factors. Id. at 491. If a trial court abused its discretion in sentencing, remand for resentencing may be the appropriate remedy if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record. Id.

The challenged aggravating circumstance is only partially supported by the record. There is evidence to support the trial court's conclusion that the fire was "significant." The warehouse was used to store numerous automobiles, a motor home, trailers, furniture

4

and personal goods. Gasoline or diesel fuel was used to start the fire, which destroyed the building and its contents. The victim's insurance company paid over $500,000 for the loss of the building and certain vehicles. And there is also evidence in the record to establish that emergency personnel responded to the fire. However, there is no evidence to support the trial court's conclusion that "a *large* number of emergency personnel were involved, presenting *substantial risk* to firemen and emergency personnel." Appellant's App. p. 103 (emphasis added). Because the trial court abused its discretion when it considered that a large number of emergency personnel faced substantial risk while fighting the fire, we must remand for resentencing if we cannot say with confidence that the trial court would have imposed the same ten-year sentence had it properly considered only reasons that are supported by the record. See Anglemyer, 868 N.E.2d 491.

Lane was convicted of Class B felony arson, which subjected him to a sentence between six and twenty years, with the advisory sentence being ten years. See Ind. Code § 35-50-2-5. However, Lane's plea agreement placed a ten-year cap on his sentence. The trial court sentenced Lane to ten years, but ordered six years executed in the Department of Correction, suspending the remaining four years to probation.

Here, the trial court also properly considered Lane's criminal history as an aggravating circumstance. Lane was twice adjudicated a delinquent child for committing criminal mischief, theft, criminal trespass, and sexual battery. In 2005, shortly after the warehouse fire, Lane was convicted in three separate cases with misdemeanor possession of marijuana, misdemeanor operating a motor vehicle without ever receiving a license, and misdemeanor resisting law enforcement. In 2008, Lane was again convicted a

5

operating a motor vehicle without ever receiving a license. In 2009, Lane was charged with misdemeanor disorderly conduct, and in 2011, he was charged with Class D felony receiving stolen property. Those two charges were dismissed pursuant to the plea agreement in this case.

The trial court also considered the following aggravating circumstance: that the harm, injury, loss, or damages suffered by the victims were significant and greater than the elements necessary to prove commission of the offense. On the date Lane committed his offense,[1] to convict the defendant of Class B felony arson, the State was required to prove that the victim's pecuniary loss was at least $5,000. See Ind. Code § 35-43-1-1. The victim's pecuniary loss in this case was proven to be nearly $650,000. And as we observed above, the trial court did not abuse its discretion when it considered the fact that the fire was "significant."

Lane argues that these remaining aggravating circumstances are not significant enough to support his ten-year sentence because of the undue hardship incarceration will have on his family and because he pleaded guilty to the offense. On the date of his guilty plea hearing and sentencing Lane was employed and supporting his family financially. Lane is married and has five children with his wife, and one child from a prior relationship.

Lane was charged with this offense in August 2010, and despite knowing that he faced six to twenty years incarceration, he had three of his six children after he was

---

[1] Effective July 1, 2014, arson with a pecuniary loss of at least $5,000 is classified as a Level 4 felony. See I.C. § 35-43-1-1.

6

charged. Moreover, Lane's characterization of himself as a responsible family man is belied by the 2009 and 2011 criminal charges that were dismissed as a result of the plea agreement in this case. In addition, Lane confessed to his involvement in the arson in 2010, see Appellant's App. pp. 21-34, but did not agree to plead guilty until October 31, 2013. Lane's scheduled jury trial was continued three times on his own motion. Because Lane confessed to the arson, his decision to plead guilty was clearly a pragmatic one.

For all of these reasons, we can say with confidence that the trial court would have imposed the same ten-year sentence, with six years executed and four years suspended to probation, had it not improperly considered that a large number of emergency personnel faced substantial risk while fighting the fire. Lane's criminal history and the considerable size of the fire, which caused significant injury to the victims, are more than sufficient to support Lane's advisory ten-year sentence for his Class B felony arson conviction. We therefore affirm Lane's ten year sentence, with six years executed and four years suspended to probation.

Affirmed.

RILEY, J., and CRONE, J., concur.

7