## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 07 2016, 9:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brian A. Karle
Ball Eggleston, PC
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Darrell A. Williams,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 7, 2016

Court of Appeals Case No.
79A04-1602-CR-410

Appeal from the Tippecanoe Superior Court.
The Honorable Randy J. Williams, Judge.
Cause No. 79D01-1206-FC-27

**Sharpnack, Senior Judge**

## Statement of the Case

[1] Darrell A. Williams appeals the sentence the trial court imposed upon his convictions of operating a motor vehicle after lifetime forfeiture of driving

privileges, a Class C felony, and failure to stop after an accident resulting in property damage, a Class C misdemeanor. We affirm.

## Issue

Williams raises one issue, which we restate as: whether his sentence is inappropriate in light of the nature of the offense and the character of the offender.

## Facts and Procedural History

On May 5, 2012, Williams was involved in an automobile accident with another driver in Tippecanoe County. His vehicle, a rental, struck the other vehicle and damaged the "entire driver's side" of the other vehicle. Appellant's App. p. 16. Williams later told the other driver that he had swerved to miss a pothole. The other driver informed Williams that she had called the police, and he drove away at a high rate of speed.

A witness followed Williams and took a picture of his license plate. The police used the photo to trace the vehicle to a rental car company, and the company's records indicated Williams had rented the vehicle that day.

Later, Williams called the police and admitted he had been involved in the accident, but he claimed the other driver had struck him. An officer checked Williams' information in the Indiana Bureau of Motor Vehicles' database and discovered that Williams' driving privileges had been suspended for life.

In June 2012, the State charged Williams with operating a motor vehicle after lifetime forfeiture of driving privileges and failure to stop after an accident resulting in property damage. Williams requested a jury trial, and the court issued subpoenas and summoned potential jurors. The State filed jury instructions with the court.

On March 5, 2013, the morning of trial, Williams pleaded guilty as charged after a jury had been selected. After several continuances, Williams failed to appear at a bond revocation hearing and a sentencing hearing in June 2013, and the court issued a warrant for his arrest. In August 2015, Williams' attorney at the time advised the court that Williams had been arrested in Chicago, Illinois, due to the court's warrant. The trial court arranged to have Williams returned to Tippecanoe County for sentencing.

The trial court sentenced Williams to an aggregate sentence of five years, of which two are to be served in the Indiana Department of Correction, one in the Tippecanoe County Community Corrections program, and two on probation. The court further directed that Williams would serve the sentences consecutively to a pending sentence in another case.

## Discussion and Decision

Williams claims his sentence is too long and asks that it be reduced to four years. The State asserts the sentence is proper due to Williams' criminal history. In general, sentencing decisions are left to the sound discretion of the trial court and are reviewed on appeal for an abuse of discretion. *Anglemyer v.*

*State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007). Even when a trial court has acted within its discretion, this Court may review and revise sentences pursuant to Article seven, section six of the Indiana Constitution. *Id.* at 491. The authority to review and revise sentences is implemented through Indiana Appellate Rule 7(B), which states: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."

[10] The purpose of sentencing review under Appellate Rule 7(B) is to leaven the outliers rather than to implement what we may perceive to be a "correct" sentence. *Gibson v. State*, 43 N.E.3d 231, 241 (Ind. 2015), *cert. denied*, 85 U.S.L.W. 3140 (Oct. 3, 2016). Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. *Keller v. State*, 987 N.E.2d 1099, 1122 (Ind. Ct. App. 2013), *trans. denied*. When reviewing a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court, including whether a portion of the sentence was suspended. *Id.* Williams bears the burden of persuading us that his sentence is inappropriate. *Id.* at 1121.

[11] We start with Williams' sentence. At the time Williams committed his offenses, the maximum sentence for a Class C felony was eight years, the minimum sentence was two years, and the advisory sentence was four years. Ind. Code § 35-50-2-6 (2014). The maximum sentence for a Class C

misdemeanor was sixty days. Ind. Code § 35-50-3-4 (1978). The trial court sentenced Williams to five years for his Class C felony conviction, of which two years are to be served in the Department of Correction, one year in community corrections, and two years on probation. The court further sentenced Williams to sixty days on the Class C misdemeanor, to be served concurrently with the felony sentence. Thus, Williams' aggregate sentence is only one year longer than the advisory sentence for the Class C felony.

[12] Turning to the nature of the offenses, Williams fled even though it was obvious he had substantially damaged the other driver's vehicle. Williams argues he is entitled to some credit because he called the police to discuss his role in the accident. We disagree, because Williams attempted to blame the other driver for the accident even though the other driver and a witness told police Williams had steered his vehicle into the other vehicle.

[13] As for the character of the offender, Williams, who was thirty-four years old in 2013, has a lengthy criminal history. Beginning in 1997, and continuing until the date of these crimes, Williams accrued ten misdemeanor convictions and four felony convictions. The misdemeanor convictions include three counts of operating a motor vehicle while intoxicated, two counts of driving while suspended, one count of operating a vehicle while never receiving a license, disorderly conduct, false informing, and possession of marijuana. Williams has felony convictions for burglary, operating while intoxicated with a prior conviction, operating a vehicle as a habitual traffic offender, and resisting law

enforcement. Williams was unable to go more than two or three years without committing a new offense.

[14] Williams claims his current conviction of operating a motor vehicle after lifetime forfeiture of driving privileges is based on his prior motor vehicle-related convictions, and it is inappropriate to consider those convictions in support of an enhanced sentence in this case. We disagree. When reviewing the sentence with respect to the character of the offender, we engage in a broad consideration of a defendant's qualities. *Williams v. State*, 51 N.E.3d 1205, 1211 (Ind. Ct. App. 2016). Williams' numerous convictions for motor vehicle-related offenses demonstrate an absolute unwillingness to comply with the law. In any event, Williams' other convictions also indicate that he chooses not to change his criminal conduct despite being given numerous opportunities.

[15] Williams was on probation when he committed his current crimes. In addition, courts have revoked Williams' probation on two prior occasions. Finally, a court revoked Williams' sentence on community corrections in one case, and in another case community corrections refused to accept him at all. In the current case, Williams plead guilty but then left the state for over two years, remaining at liberty until he was arrested. Williams' flight is further proof of his disregard for the law.

[16] Williams points to his guilty plea as proof of his positive qualities, but the evidence against him was extensive. Moreover, he did not plead guilty until the day of trial, after significant resources had been expended by the trial court and

both parties and the jury had been assembled. Under these circumstances, Williams has failed to demonstrate that his aggravated sentence is inappropriate.

# Conclusion

[17] For the reasons stated above, we affirm the judgment of the trial court.

[18] Affirmed.

Bailey, J., and Crone, J., concur.