## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 28 2016, 9:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Laura Paul
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Aaron Morgan, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | December 28, 2016 <br><br> Court of Appeals Case No. 28A01-1608-CR-1781 <br><br> Appeal from the Green Circuit Court <br><br> The Honorable Erik C. Allen, Judge <br><br> Trial Court Cause No. 28C01-1312-FC-41 |

**Robb, Judge.**

# Case Summary and Issue

[1] Aaron Morgan pleaded guilty to sexual battery as a Class D felony and the trial court sentenced him to two and one-half years in the Indiana Department of Correction. Morgan appeals his sentence, raising one issue for review, which we restate as whether the trial court abused its discretion in sentencing him. Concluding the trial court did not abuse its discretion, we affirm.

# Facts and Procedural History

[2] On the evening of September 11, 2014, Morgan babysat a ten-year-old girl. At some point, Morgan put his hand under the girl's clothing and fondled her vagina. The girl's mother was notified of the incident and reported the incident to law enforcement.

[3] The State charged Morgan with child molesting as a Class C felony and sexual battery as a Class D felony. Morgan then entered into a plea agreement with the State whereby he agreed to plead guilty to sexual battery as a Class D felony in exchange for the State dismissing the remaining count; the plea agreement also provided sentencing would be left to the discretion of the trial court. The trial court accepted Morgan's plea and entered judgment of conviction.

[4] At the sentencing hearing, Morgan testified he is currently married and pays child support for his two children from a previous marriage. As to child support, Morgan is in arrears but has recently been consistent in paying $130.00 per week. Morgan claimed a lengthy incarceration would cause financial and

emotional hardship to his current wife, ex-wife, and two children. Specifically, he stated his current wife relies solely on his paychecks, he would not be able to make child support payments to his ex-wife, and he would be unable to visit with his children. As mitigating factors, Morgan requested the trial court consider his acceptance of responsibility, his remorse, the undue hardship on his dependents, and the fact his plea saved the State the burden of a jury trial. The State did not recommend a sentence. The trial court then sentenced Morgan:

> In considering the sentence I have examined the pre-sentence investigation report, listened to the evidence presented here today, the argument of counsel, statement of Mr. Morgan and this certainly is a very serious offense it has a dramatic impact on the young lady who is the victim of the offense and that is certainly indicated I think by the nature of the offense, but also supported by the information set out in the letters from the child's mother and grandmother who have very consistent and close contact with the child describing the impact that this has had upon her. Considering the sentence to impose will accept the aggravating factors as set out in the pre-sentence investigation report, the history of criminal and delinquent behavior as set out specifically in the pre-sentence investigation report each of those offenses where there is a conviction or an adjudication entered, the victim of the offense was less than 12 years of age at the time the offense was committed, the child was 10 years of age although chronically [sic] two years is not a major difference, but I think the age of 10 is a significant difference than even a young 12 or 13 year old child, 10 is a very young age to be subjective [sic] to this type of behavior and I think that is a rather young age, the most compelling I think the aggravating circumstance is the fact that you were trusted by this child's mother and placed in a position of having care and control of this young lady and you violated that trust and you violated that position of care and

control and that is a major aggravator. People entrust their children to folks, babysat, allowing you to live in their home I believe you said and you took complete advantage in a very traumatic way of that trust and violated that trust, I think that has a very substantial weight as an aggravating circumstance. I agree as a mitigating circumstance that you pled guilty and accepted responsibility and I take you at your word the comments you made and I think they were appropriate and I appreciate those comments by pleading guilty you have accepted responsibility and taken responsibility for the decision that you made. The or [sic] recognize that is part of pleading guilty, but also separately that saving the burden of the child of having to testify at a trial and saving the burden of a jury trial is given mitigating weight as well, but clearly through the young age of the child and the position of trust that you were in related to that child and the impact of the child as set out in the description of the letters I think that the aggravating circumstances do outweigh the mitigating circumstances and I give you credit though for mitigating circumstances, I was thinking that a 3 year executed sentence was probably appropriate and I give you some credit for the mitigating circumstances so I will reduce that a little bit. What I am going to order is a fully executed 2 year 180 day sentence to the Indiana Department of Corrections . . . .

Transcript at 21-23. This appeal ensued.

# Discussion and Decision

## I. Standard of Review

[5] We review a trial court's sentencing decision for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. An abuse of discretion occurs when the trial court's decision is "clearly

against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.* (citation omitted). A trial court may abuse its discretion by failing to enter a sentencing statement, finding aggravating or mitigating circumstances unsupported by the record, omitting aggravating or mitigating circumstances supported by the record, or noting reasons that are improper considerations as a matter of law. *Id.* at 490-91.

## II. Undue Hardship

[6] Morgan contends the trial court abused its discretion in failing to find a mitigating circumstance clearly supported by the record. Specifically, he contends the trial court failed to find as a mitigating circumstance that his incarceration would result in undue hardship to his dependents. *See* Ind. Code § 35-38-1-7.1(b)(10) (stating "[i]mprisonment of the person will result in undue hardship to the person or the dependents of the person" is one of the factors the court may consider as mitigating). The State counters Morgan failed to establish the potential undue hardship amounted to a special circumstance thereby requiring the trial court to find it as a mitigating circumstance. We agree with the State.

[7] At the outset, we acknowledge the trial court did not find Morgan's claim of undue hardship to his dependents as a mitigating circumstance. However, a trial court is neither required to accept a defendant's arguments as to what constitutes a mitigating factor nor give the same weight to proffered mitigating

facts as the defendants does. *Healy v. State*, 969 N.E.2d 607, 616 (Ind. Ct. App. 2012), *trans. denied*. In addition, a trial court does not abuse its discretion in failing to identify undue hardship as a mitigating circumstance unless the mitigating evidence is both significant and clearly supported by the record. *Dowdell v. State*, 720 N.E.2d 1146, 1154 (Ind. 1999) (noting evidence of special circumstances is required because "[m]any persons convicted of serious crimes have one or more" dependents). Here, the only evidence in the record showing any hardship to Morgan's dependents comes from Morgan's testimony at the sentencing hearing where he claimed his incarceration would deprive him of the opportunity to visit with his children, pay child support to his ex-wife, and financially support his current wife. Although we recognize these circumstances are unfortunate, the circumstances are typical of all those sentenced to the Department of Correction and we are therefore not persuaded Morgan's circumstances are so significant as to require the trial court to find undue hardship as a mitigating circumstance. Because the mitigating evidence is not significant, we conclude the trial court did not abuse its discretion in not finding undue hardship as a mitigating circumstance.

## Conclusion

[8] The trial court did not abuse its discretion in sentencing Morgan. Accordingly, we affirm.

[9] Affirmed.

Kirsch, J., and Barnes, J., concur.