## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 13 2017, 8:16 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Evan K. Hammond
Grant County Public Defender
Marion, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

Lavon Washington,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

January 13, 2017

Court of Appeals Case No.
27A05-1604-CR-749

Appeal from the Grant Superior Court

The Honorable Jeffrey Todd, Judge

Trial Court Cause Nos.
27D01-1511-F5-132
27D01-1411-F6-127
27D01-0611-FA-224

**May, Judge.**

[1] The trial court found Lavon Washington guilty of one count of Level 5 felony battery,[1] one count of Level 6 felony residential entry,[2] and twenty-six counts of Level 6 felony invasion of privacy.[3] In addition, the court found Washington violated the conditions of two probation terms he was serving when he committed those new crimes. Washington appeals his sentence, claiming the trial court abused its discretion by declining to find any mitigating circumstances. We affirm.

## Facts and Procedural History

[2] Washington and C.W. were married in November 2011 and have a son, L.W., who was born March 7, 2013. Washington's relationship with C.W. was tumultuous. In January 2015, they began living separately, and in July 2015, C.W. filed for divorce.[4]

[3] On the evening of October 12, 2015, a guest stayed overnight at C.W.'s home. Washington came to C.W.'s house twice, knocked on her door, and sent C.W. text messages, but C.W. did not let Washington in the house. The next day, on October 13, 2015, Washington returned to C.W.'s home, forced his way inside

---

[1] Ind. Code § 35-42-2-1(b)(1) (2014).

[2] Ind. Code § 35-43-2-1.5 (2014).

[3] Ind. Code § 35-46-1-15.1 (2014).

[4] The court dissolved the marriage on November 13, 2015.

the house, and battered C.W. while L.W. was present. C.W. sustained bruises and other marks from the attack.

[4] Shortly after Washington left, C.W. called the police. Washington was arrested, charged with Level 5 felony battery and Level 6 felony residential entry, and placed in jail. The court ordered Washington to have no contact with C.W. or L.W., but Washington continued to call C.W. from jail.[5] Based on those calls, the State subsequently charged Washington with twenty-six counts of Level 6 felony invasion of privacy. The State also filed two petitions to revoke the probation Washington was serving for convictions of domestic battery and invasion of privacy against C.W. under Cause Number 27D01-1411-F6-127 and of dealing in cocaine under Cause Number 27D01-0611-FA-224.

[5] On February 3, 2016, the court held a bench trial. The court found Washington guilty as charged. The court also found Washington's commission of the present crimes violated the two terms of probation he was serving. After trial, Washington reported to jail while he awaited sentencing. In further violation of the trial court's no-contact order, Washington continued to call C.W. from jail. He also mailed C.W. a letter, addressing it to a code name to conceal the fact that he was contacting her.

[5]At the bench trial, C.W. admitted setting up a Google phone number in December 2015 in order for Washington to contact her from jail.

[6] At sentencing, on March 14, 2016, the court found an aggravating factor in Washington's prior criminal history, which included convictions of battery in 2002, 2003, and 2014; battery resulting in bodily injury in 2005; dealing in cocaine in 2006; and invasion of privacy in 2014. The court also found an aggravating factor in Washington's continued contact with C.W. after he was convicted on February 3, 2016. The court found no mitigating factors. Because the aggravating factors outweighed the mitigating factors, the court found it was appropriate to impose sentences above the advisory sentences. The court sentenced Washington to four years for battery as a Level 5 felony; one and a half years for residential entry as a Level 6 felony, to be served concurrent with the battery sentence; and two and a half years each for the twenty-six counts of invasion of privacy, with each of those sentences to be served concurrent with each other but consecutive to the other two counts. Thus, the aggregate sentence imposed for the current crimes was six and a half years.

[7] At the same hearing, the court revoked Washington's probation in Cause Number 27D01-1411-F6-127 and ordered Washington to serve the remaining two years of that sentence consecutive to all his other sentences. The court also revoked Washington's probation in Cause Number 27D01-0611-FA-224 and ordered him to serve five years of that sentence consecutive to all other sentences. Thus, the court ordered Washington to serve, in total, thirteen and a half years, with credit for 104 days served.

# Discussion and Decision

[8]     Washington argues the trial court abused its discretion in declining to find any mitigating factors.[6] Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218 (Ind. 2007). As long as a sentence is within the statutory range, we review only for an abuse of discretion. *Id.* "An abuse of discretion occurs if the sentencing decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.* A trial court is not required to accept a defendant's argument as to what is a mitigating factor or to provide mitigating factors the same weight as does a defendant. *Conley v. State*, 972 N.E.2d 864, 873 (Ind. 2012), *reh'g denied*. "If the trial court does not find the existence of a mitigating factor after it has been argued by counsel, the trial court is not obligated to explain why it has found that the factor does not exist." *Anglemyer,* 868 N.E.2d at 493. However, a court abuses its discretion if it does not

---

[6]Prior to addressing the court's rejection of alleged mitigators, we deal with Washington's misconceptions about his sentence. In his Appellant's Brief, Washington states repeatedly his sentence is nineteen years. As we explained in the facts, the court ordered Washington to serve thirteen and a half years, not nineteen years. Of those thirteen and a half years, only six and a half years were imposed for Washington's new convictions under Cause Number 27D01-1511-F5-132 of battery, residential entry, and invasion of privacy. The other seven of the thirteen and a half years the court ordered Washington to serve were execution of the suspended sentences in Cause Numbers 27D01-1411-F6-127 and 27D01-0611-FA-224 based on Washington's violation of the terms of his probation in both of those causes.

Washington does not argue the court abused its discretion by revoking his probation terms or by ordering execution of those suspended sentences pursuant to its authority under Indiana Code § 35-38-2-3. Nor has he provided any cogent argument suggesting how the court's finding of aggravators or mitigators is relevant to the court's ordering those suspended sentences to be executed. Nevertheless, we note the court was required, pursuant to Indiana Code 35-50-1-2(e) (2015), to order the two-year and five-year executed sentences for probation violations be served consecutive to Washington's new sentences.

consider significant mitigators advanced by the defendant and clearly supported by the record. *Id.* at 490.

[9] Washington argues the trial court should have found as mitigators: (1) the undue hardship Washington's imprisonment would cause L.W.; and (2) C.W.'s inducement and facilitation of the offenses.[7] We disagree.

[10] The trial court did not abuse its discretion in declining to find Washington's imprisonment would result in undue hardship for L.W. An allegation that the trial court failed to find a mitigating circumstance requires Washington to show the mitigating circumstance is "both significant and clearly supported by the record." *Id.* at 493. Washington argues L.W., who has Down's Syndrome, would "significantly suffer an undue burden." (Appellant's Br. at 9.) While we acknowledge L.W.'s Down's Syndrome may present a "special circumstance" that would justify a finding of "undue hardship," *see Dowdell v. State*, 720 N.E.2d 1146, 1154 (Ind. 1999) ("absent special circumstances, trial courts are not required to find that imprisonment will result in an undue hardship"), this alone does not satisfy Washington's burden.

[11] The record demonstrates prior to his incarceration Washington was not living with L.W., paying child support, or supporting him in any other manner. C.W.

---

[7]Washington also claims the court should have found a third mitigator: C.W.'s statement at sentencing that she did not agree Washington should receive a nineteen-year sentence. Because the trial court ordered Washington to serve thirteen and a half years, not nineteen years, we cannot say the court overlooked C.W.'s statement at the sentencing hearing.

testified that because of L.W.'s Down's Syndrome, L.W. receives Social Security Disability income and Washington was not court-ordered to pay child support. C.W. further acknowledged "with [her] son having Down's Syndrome, everything is twice as hard," (Tr. at 190), and that "[L.W.] does need both parents, but even when [Washington] was free, he didn't wanna [sic] be a parent." (*Id.*) We therefore cannot say L.W. will experience a hardship because of Washington's imprisonment, and thus Washington has not met his burden of demonstrating the trial court abused its discretion by failing to recognize a significant mitigator clearly supported by the record.

[12] We likewise disagree the court abused its discretion in declining to find C.W.'s alleged inducement or facilitation of the crimes as a mitigator. We note at sentencing Washington's counsel described Washington and C.W.'s relationship as "a dangerous game." (*Id.* at 205.) Defense counsel noted C.W.'s creation of the Google phone number for purposes of contact with Washington, and argued, "it's their relationship and it's how it worked," and "[C.W.] was getting something out of those phone calls." (*Id.* at 204-205.) We note the trial court did not find this as a mitigator and was under no obligation to explain why. *See Anglemyer,* 868 N.E.2d at 493 ("the trial court is not obligated to explain why it has found that the factor does not exist"). Nonetheless, the record demonstrates that while C.W. set up the Google account in order to answer phone calls from Washington, Washington initiated the calls in direct violation of the no-contact order, and he continued to do so even after the court convicted him of twenty-six counts of invasion of privacy

for the same behavior. *See Dixon v. State*, 869 N.E.2d 516, 520 (Ind. Ct. App. 2007) ("When determining whether a party committed the act of invasion of privacy identified in Indiana Code § 35-46-1-15.1, we do not consider whether the victim knowingly ignored the protective order but, rather, whether the defendant knowingly violated the protective order."). We therefore cannot say this circumstance is significantly mitigating or clearly supported by the record.

[13] The trial court properly considered all of the circumstances. The undisputed facts show Washington battered C.W. while L.W. was present. This is not Washington's first offense of this kind or his first offense against C.W. The trial court noted the "troubling pattern" presented by Washington's previous convictions of battery. (Tr. at 207.) Indeed, Washington received a suspended sentence for his conviction of dealing cocaine and probation for his most recent battery conviction. The trial court had given Washington many chances to correct his behavior, but Washington continued to offend. The court explicitly noted its disappointment with Washington:

> I disagree that [Washington] responded well to Reentry Court. Reentry Court - its whole purpose is to reduce recidivism and yet here we have recidivism in 2014 through the invasion of privacy and domestic battery convictions and then these counts before the Court, so I'm saddened in that respect.

(*Id.* at 207-208.) The court concluded, "because the aggravating circumstances outweigh any mitigating circumstances, the sentences, appropriately, should be above the advisory sentence." (*Id.* at 208.) The court's statements demonstrate the court considered and balanced the facts before it. It was well within the

court's purview to find no mitigators. As Washington has not demonstrated the trial court overlooked any significant mitigators that were clearly supported by the record, we find no abuse of discretion.

# Conclusion

The trial court did not abuse its discretion in declining to find any mitigating circumstances. Accordingly, we affirm.

Affirmed.

Kirsch, J., and Crone, J., concur.