## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 19 2017, 10:15 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jeffery A. Earl
Danville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Bryan Tate,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | April 19, 2017<br><br>Court of Appeals Case No.<br>32A01-1611-CR-2589<br><br>Appeal from the Hendricks<br>Superior Court<br><br>The Honorable Karen M. Love,<br>Judge<br><br>Trial Court Cause No.<br>32D02-1602-F5-19 |

**Baker, Judge.**

[1]     Bryan Tate appeals the sentence imposed by the trial court after Tate pleaded guilty to Level 5 Felony Robbery.[1]  Tate contends that the trial court erred by failing to consider two mitigating circumstances.  Finding no error, we affirm.

[2]     On January 25, 2016, Tate robbed a Subway restaurant in Hendricks County by using or threatening the use of force and/or by putting the Subway employee in fear.  On October 25, 2016, Tate pleaded guilty as charged pursuant to a plea agreement that capped his sentence at five years and required that he pay restitution to Subway in the amount of $300.  Tate had been sentenced in another cause to a nine-year term for Level 5 felony robbery and it was left to the trial court's discretion whether his sentence in this cause would be concurrent with or consecutive to the other sentence.  Following a sentencing hearing that same day, the trial court found Tate's criminal history, which includes seven adult convictions and three juvenile adjudications, as an aggravating factor.  Finding no mitigators, the trial court imposed a five-year sentence to be served consecutively to the nine-year term.  Tate now appeals.

[3]     Tate's sole argument is that the trial court erred by failing to find two mitigating circumstances:  the fact that he pleaded guilty and the fact that he agreed to pay restitution to Subway.  According to Tate, had these mitigators been considered, the trial court would have ordered his sentence served concurrently, rather than consecutively.

---

[1] Ind. Code § 35-42-5-1.

[4] Under the advisory sentencing scheme, we may reverse if a trial court finds aggravators that are not supported by the record or are improper as a matter of law or omits mitigators that are clearly supported by the record and advanced for consideration. *Anglemyer v. State*, 868 N.E.2d 482, 490-91 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). Even if we find an error in this regard, we will remand for resentencing only if "we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Id.* at 491.

[5] Tate makes a reasonable argument that his guilty plea, pursuant to which he did not reap a substantial benefit, and his agreement to pay restitution should have been mitigating circumstances. The trial court, however, was clearly aware of both facts, inasmuch as it presided over the guilty plea hearing and approved the agreement itself, which contained the restitution provision. That the trial court did not label them as mitigators does not mean that it was unaware of their existence. Given that, given Tate's lengthy criminal history, and given the fact that Tate had been sentenced in another cause for precisely the same crime to which he pleaded guilty in this one, we are confident that the trial court would have imposed the same sentence even if it had considered both mitigators proffered by Tate. Accordingly, we decline to remand for resentencing.

[6] The judgment of the trial court is affirmed.

Barnes, J., and Crone, J., concur.