## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 03 2018, 10:45 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher L. Clerc
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tracy S. Coop,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | July 3, 2018<br><br>Court of Appeals Case No.<br>18A-CR-192<br><br>Appeal from the Bartholomew<br>Circuit Court<br><br>The Honorable Kelly S. Benjamin,<br>Judge<br><br>Trial Court Cause No.<br>03C01-1705-F6-2560 |

**Altice, Judge.**

## Case Summary

Following a guilty plea, Tracy Coop was convicted of Level 6 Felony possession of methamphetamine and sentenced to 730 days. On appeal, Coop argues that the trial court abused its discretion when it failed to consider her cooperation with police and guilty plea as significant mitigating factors.

We affirm.

## Facts & Procedural History

On the April 6, 2017, Columbus Police Department Officer Drake Maddix initiated a traffic stop on a vehicle operating without functioning headlights or tail lights. Coop was a passenger in the vehicle and was sitting in the front passenger seat. Officer Maddix recognized Coop from prior encounters, and due to his knowledge of her drug history, he requested a K-9 unit. Officer Maddix questioned Coop about the presence of drugs in the car, but Coop denied having any knowledge of drugs inside the vehicle. Shortly thereafter, Officer Branch Schrader and his K-9 dog Argo arrived on the scene. Argo alerted on the car, indicating that there may be narcotics inside.

During a subsequent search of the vehicle, the officers located a white purse directly below Coop's front passenger seat. Inside the purse the officers found a blue zipper pouch that contained an empty syringe, a white crystal substance in a clear bag, a white pill, and a digital scale with "TC" on the back of it. *Appellant's Appendix Vol. II* at 53. Coop again denied knowing anything about

the items found in the purse or the blue zippered pouch. Coop was arrested for possession of narcotics and paraphernalia. A field test on the white crystal substance was positive for methamphetamine. Upon further questioning, Coop admitted that the substance was methamphetamine.

[5] The State charged Coop with Count I, Level 6 Felony possession of methamphetamine, and Count II, Level 6 Felony possession of a syringe. Pursuant to the terms of a plea agreement, Coop pled guilty to Count I and the State agreed to dismiss Count II. The trial court held a sentencing hearing on December 14, 2017. The court found several aggravating circumstances but no mitigating circumstances and sentenced Coop to 730 days in jail. Coop now appeals. Additional facts will be provided as necessary.

## Discussion & Decision

[6] Sentencing decisions are within the discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id*. One of the ways in which a trial may abuse its sentencing discretion is where the trial court's sentencing statement omits reasons that are clearly supported by the record and advanced for consideration. *McSchooler v. State*, 15 N.E.3d 678, 684 (Ind. Ct. App 2014). To establish an abuse of discretion, the defendant must demonstrate that the mitigating evidence is both significant and clearly supported by the record.

*Anglemyer*, 868 N.E.2d 482 at 493. Here, Coop argues that the trial court abused its sentencing discretion by failing to consider her guilty plea and her cooperation with the police as mitigating factors.

[7] Coop has not established that her cooperation is a significant mitigating factor. Indeed, the record shows that Coop lied to the police twice about her knowledge of the presence of drugs. She only cooperated after her arrest and after the field test was positive for methamphetamine. The facts demonstrate that there was no real cooperation with the police.

[8] Coop also argues that the trial court abused its discretion when it did not consider her guilty plea as a mitigating factor. Even though Coop did not raise her guilty plea as a mitigating factor before the sentencing court, this does not prevent her from raising the issue for the first time on appeal. *Anglemyer v. State*, 875 N.E.2d 218, 220 (Ind. 2007) *opinion on reh'g*. A guilty plea is deserving of some mitigating weight; however, the significance of a guilty plea varies from case to case. *Id*. A guilty plea is not significantly mitigating where, for example, it fails to evince acceptance of responsibility or where the defendant receives a substantial benefit, including dismissal of other charges, in return for the plea. *Id*. at 221. A plea fails to demonstrate acceptance of responsibility where the decision to plead was "more likely the result of pragmatism than acceptance of responsibility and remorse." *Id*.

[9] Coop's plea was nothing more than a pragmatic decision based on the overwhelming evidence of her guilt. The State's evidence showed that a purse

found directly below the front passenger seat where Coop was sitting contained a white crystal substance, syringe, and a scale with Coop's initials. After a field test was positive for methamphetamine, Coop admitted to the illegal nature of the substance. In addition, Coop received a benefit from her guilty plea in that a Level 6 Felony charge was dismissed. The trial court did not abuse its discretion in sentencing Coop.

[10] Judgment affirmed.

Najam, J. and Robb, J., concur.