# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 21 2018, 6:25 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Sally Skodinski
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Julian Byrd,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 21, 2018

Court of Appeals Case No.
71A04-1709-CR-2209

Appeal from the St. Joseph
Superior Court

The Honorable John M.
Marnocha, Judge

Trial Court Cause No.
71D02-1704-F1-5

**Bradford, Judge.**

# Case Summary

[1]     Following a jury trial, Julian Byrd was convicted of Level 3 felony armed robbery and Level 5 felony battery with a deadly weapon. The trial court sentence Byrd to concurrent sentences of sixteen years for armed robbery and six years for battery. On appeal, Byrd argues that the trial court abused its discretion in lending considerable weight to his prior criminal history, which included more than twenty misdemeanors and five juvenile adjudications. Because the trial court did not abuse its discretion when it considered Byrd's criminal history during sentencing, we affirm.

# Facts and Procedural History

[2]     On April 15, 2017, Byrd arrived at the home of Daniyell Franklin in South Bend armed with a gun. Byrd was looking for Darcy Neilly. After knocking, someone cracked the door to see who was there. Byrd pushed the door open and entered the home. Byrd went to the bedroom where Franklin and Neilly were sleeping and fired his gun into the air. Byrd pointed his gun at Neilly and fired it, hitting him in the upper-left side of his chest. After shooting Neilly, Byrd took $30 from Neilly's pocket and fled the scene.

[3]     On April 18, 2017, Byrd was charged with Level 1 felony burglary, Level 3 felony armed robbery, and Level 5 felony battery with a deadly weapon. A jury trial was held on August 1 and 2, 2017. On August 2, 2017, the jury found Byrd guilty of armed robbery and battery and acquitted him of the burglary

charge. A sentencing hearing was held on August 30, 2017. During the hearing, the trial court was presented with evidence of Byrd's extensive criminal history. In total, Byrd had been convicted of twenty-five misdemeanors and had received five juvenile adjudications. The trial court sentenced Byrd to sixteen years for Count II with a concurrent six-year sentence for Count III.

# Discussion and Decision

[4] We begin by noting that sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *modified on other grounds on reh'g*, 875 N.E.2d 218 (Ind. 2007). "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.*

> One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all. Other examples include entering a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law. Under those circumstances, remand for resentencing may be the appropriate remedy if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record.

*Id.* at 490–91.  In claiming that the trial court abused its discretion in sentencing him, Byrd argues that the trial court improperly balanced the aggravating and mitigating circumstances.  However, "[a] trial court cannot […] be said to have abused its discretion in failing to 'properly weigh' such factors."  *Anglemyer*, at 491.  This is a request for us to reweigh the aggravators and mitigators which we will not do.  *See id*.  Based upon a review of the record, there was ample evidence to support Byrd's sentence.

[5]  The trial court found that Byrd's extensive criminal history was an aggravating circumstance, which justified giving him the maximum possible sentences for armed robbery and battery.  Specifically, the trial court said that Byrd's "25 adult criminal convictions and 5 juvenile adjudications … say it all."  Tr. Vol. IV, p. 4.  The trial court also characterized his most recent offense as "by far the most serious [thing] that you've been involved with."  Tr. Vol. IV, p. 4.

[6]  Byrd's only argument is that the trial court gave too much weight to his criminal history during sentencing.  He does not claim that his sentence is inappropriate in light of the nature of his offense or character.  Because the trial court did not abuse its discretion considering Byrd's criminal history during sentencing and Byrd has failed to raise a cognizable claim for relief, we affirm the trial court's sentence.

[7]  The judgment of the trial court is affirmed.

Baker, J., and Kirsch, J., concur.