## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 13 2018, 10:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher L. Clerc
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Brian R. Sosbe,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

July 13, 2018

Court of Appeals Case No.
18A-CR-16

Appeal from the Bartholomew
Circuit Court

The Honorable Kelly S. Benjamin,
Judge

Trial Court Cause No.
03C01-1704-F5-2035

**Friedlander, Senior Judge.**

On January 19, 2017, Deputy Nick Martoccia of the Bartholomew County Sheriff's Department responded to a traffic accident. According to a witness, Brian R. Sosbe crashed a vehicle into a tree and fled on foot carrying a bag. Deputy Jarod Dougan found Sosbe hiding in a nearby field with a bag. Sosbe admitted that he had "messed up" and that the bag was his. Appellant's App. Vol. II, p. 103. The deputy discovered a white powdery substance inside the bag which Sosbe admitted was methamphetamine. That same day, Deputy Jarod Aspenson obtained a search warrant for a blood sample from Sosbe. It was later determined that methamphetamine and marijuana were present in Sosbe's blood.

Captain Christopher Roberts continued the investigation and determined that the vehicle had been reported stolen on January 16, 2017. Inside the truck, Captain Roberts found an i-Pad belonging to the Indian Creek schools which had been reported as stolen on January 18, 2017. Captain Roberts also reviewed the records from the Indiana Bureau of Motor Vehicles and determined that Sosbe's license had been suspended for life. During his investigation, Captain Roberts also learned that Sosbe had been previously convicted of theft.

On April 7, 2017, Sosbe was charged with (1) Level 5 felony operating a motor vehicle after forfeiture of license for life, (2) Level 6 felony receiving stolen auto parts, (3) Level 6 felony theft, (4) Level 6 felony possession of methamphetamine, and (5) Class B misdemeanor leaving the scene of an accident. On September 29, 2017, Sosbe was additionally charged with Class C

misdemeanor operating a vehicle with a schedule I or II controlled substance or its metabolite in the body. On November 2, 2017 Sosbe pled guilty to Level 5 felony operating a motor vehicle after forfeiture of license for life and Level 6 felony receiving stolen auto parts. In exchange for the guilty plea, the State agreed to concurrent sentences and to dismiss the remaining four charges against Sosbe.

[4] At the sentencing hearing, the trial court identified the following aggravating factors: Sosbe's criminal history, which included seven felony convictions and seven misdemeanor convictions; Sosbe has violated the terms of his probation in the past; when Sosbe has been offered treatment in the past he refused or the treatment was not effective; Sosbe had been released from jail for three weeks when he committed the instant offenses; Sosbe was under the influence of a controlled substance when he crashed the vehicle; Sosbe hid from police after he fled from the scene of the accident; and Sosbe had multiple disciplinary write-ups while incarcerated in both the county jail and the Department of Correction. The trial court did not find any mitigating factors. Sosbe was sentenced to a six-year aggregate executed term, with credit for 249 actual days.

[5] Sosbe contends that the trial court abused its discretion in sentencing him by failing to consider certain mitigating factors. Specifically, Sosbe contends that the trial court should have given more weight to his guilty plea and mental illness. We begin by noting that sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482 (Ind. 2007), *modified on other*

*grounds on reh'g*, 875 N.E.2d 218 (Ind. 2007). "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.* at 490.

> One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all. Other examples include entering a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law. Under those circumstances, remand for resentencing may be the appropriate remedy if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record.

*Id.* at 490-91. Sosbe argues that the trial court should have considered certain mitigating factors. "An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record." *Id.* at 493. "If the trial court does not find the existence of a mitigating factor after it has been argued by counsel, the trial court is not obligated to explain why it has found that the factor does not exist." *Id.*

[6] In any event, there is also evidence that Sosbe received a significant benefit by pleading guilty. In exchange for his guilty plea to Level 5 felony operating a motor vehicle after forfeiture for life and Level 6 felony receiving stolen auto

parts, the State agreed to dismiss the other four counts filed against him and that the sentences could run concurrent with one another. As for his claims that he was mentally ill, there was no evidence that he was mentally ill at the time he committed the crime, or any evidence that he had long-term mental health issues, much less any nexus to his crimes. *See Archer v. State*, 689 N.E.2d 678 (Ind. 1997). Because the trial court did not abuse its discretion in sentencing Sosbe, we affirm the trial court's sentence.

Affirmed.

Riley, J., and Crone, J., concur.