## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 21 2018, 5:49 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Danielle L. Gregory
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Mauricio Palomino,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | September 21, 2018<br><br>Court of Appeals Case No.<br>18A-CR-324<br><br>Appeal from the Decatur Superior Court<br><br>The Honorable Matthew D. Bailey, Judge<br><br>Trial Court Cause No.<br>16D01-1610-F1-898 |

**Bailey, Judge.**

# Case Summary

[1] Mauricio Palomino ("Palomino") challenges his forty-year sentence imposed upon his plea of guilty to one count of Child Molesting, as a Level 1 felony.[1] He presents the sole issue of whether his sentence is inappropriate. We affirm.

# Facts and Procedural History

[2] In 2014 and 2015, Palomino lived in Westport, Indiana with his boyfriend, his boyfriend's former wife, and her son, L.T.W. Palomino provided child care for L.T.W. on a regular basis. In late 2016, L.T.W. reported to his mother that Palomino had touched him inappropriately.

[3] L.T.W. alleged that Palomino had forced L.T.W. to anally penetrate Palomino, had fondled L.T.W., and had compelled L.T.W. to submit to fellatio. On October 21, 2016, Palomino was charged with a single count of child molesting. On December 20, 2017, Palomino pled guilty pursuant to a plea agreement that capped his sentence at forty years, with the executed portion not to exceed thirty-five years. Palomino was free to argue for a lesser sentence. Palomino admitted that he had "knowingly or potentially [sic] performed or submitted to sexual intercourse or other sexual conduct with [L.T.W.]," who had been born in 2005. (Tr. at 26.)

---

[1] Ind. Code § 35-42-4-3(a)(1).

[4]    The trial court conducted a sentencing hearing on January 23, 2018. As aggravating circumstances, the trial court found that Palomino was in a position of trust as to L.T.W., L.T.W. was less than twelve years old, and L.T.W. had suffered harm. As mitigating circumstances, the trial court found that Palomino pled guilty and accepted responsibility, he lacked a criminal history, he confessed early and was cooperative with law enforcement, he expressed remorse, and he had suffered sexual abuse as a child. The trial court imposed upon Palomino a sentence of forty years, with five years suspended to supervised probation. Palomino appeals.

## Discussion and Decision

[5]    Pursuant to Indiana Code Section 35-50-2-4, a person who commits Level 1 felony child molesting by committing an act defined in Indiana Code Section 35-31.5-2-72(1) or (2) is subject to a sentencing range of twenty years to fifty years, with an advisory sentence of thirty years.

[6]    Under Indiana Appellate Rule 7(B), this "Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In performing our review, we assess "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). The principal role of such review is to attempt to leaven the outliers. *Id.* at 1225. The "considerable deference"

given to the trial court's sentencing judgment "should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015) (citing *Cardwell*, 895 N.E.2d at 1222).

[7] As for the nature of the offense, Palomino violated a position of trust he had been given as L.T.W.'s child care provider. He molested L.T.W. on multiple occasions and procured L.T.W.'s lengthy silence by warning L.T.W. not to tell his parents and promising that each instance would be the last.

[8] As to the character of the offender, Palomino pled guilty and was cooperative with law enforcement. However, he received a substantial benefit from his guilty plea, as the executed portion of his sentence was capped at thirty-five years. To the extent that Palomino argues that the trial court "minimized the significance of his guilty plea," Appellant's Brief at 14, and suggests reweighing, we cannot provide the requested relief. The weight given to the trial court's reasons for imposing a sentence is not subject to appellate review. *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. Palomino did not have a formal criminal history. However, he had not remained a law-abiding citizen up until the current offense. He had used methamphetamine and marijuana.

[9] Having reviewed the matter, we conclude that the trial court did not impose an inappropriate sentence under Appellate Rule 7(B), and the sentence does not warrant appellate revision. Accordingly, we decline to disturb the sentence imposed by the trial court.

# Conclusion

[10] The sentence imposed upon Palomino is not inappropriate.

[11] Affirmed.

Mathias, J., and Bradford, J., concur.