## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 21 2018, 6:22 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Evan K. Hammond
Marion, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Isaiah Morrell, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | September 21, 2018 <br><br> Court of Appeals Case No. 18A-CR-1224 <br><br> Appeal from the Grant Superior Court <br><br> The Honorable Dana J. Kenworthy, Judge <br><br> Trial Court Cause No. 27D02-1309-FB-65 |

**Bailey, Judge.**

# Case Summary

[1] Isaiah Morrell ("Morrell") challenges his aggregate sentence of ten years, with four years suspended to probation, imposed upon his convictions for two counts of Sexual Misconduct with a Minor, as Class B felonies.[1] He presents the sole issue of whether his sentence is inappropriate. We affirm.

# Facts and Procedural History

[2] During 2012, Morrell served as a volunteer youth group leader at Living Water Apostolic Church in Grant County, Indiana. On two occasions, Morrell had sexual intercourse with one of the youth group members, fourteen-year-old S.P.[2]

[3] On September 9, 2013, the State charged Morrell with two counts of Sexual Misconduct with a Minor. He was tried by a jury on March 13 and 14, 2018 and he was convicted as charged. On April 9, 2018, the trial court imposed upon Morrell concurrent sentences of ten years imprisonment, with four years suspended to probation. Morrell now appeals.

---

[1] Ind. Code § 35-42-4-9.

[2] S.P. testified that there may have been a third occasion, but she could clearly remember only two instances.

# Discussion and Decision

[4] At the time of Morrell's offenses, Indiana Code Section 30-50-2-5 provided that a person who committed a Class B felony was subject to a sentencing range of six to twenty years, with an advisory sentence of ten years. The trial court imposed upon Morrell the advisory sentence, with four years suspended. In so doing, the trial court found as an aggravating circumstance that Morrell had been in a position of trust with S.P. In mitigation, the trial court found that Morrell had only a minor criminal history (driving with a suspended license), he was likely to respond to short term incarceration or probation, and imprisonment would result in hardship to his dependent children.

[5] Under Indiana Appellate Rule 7(B), this "Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In performing our review, we assess "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). The principal role of such review is to attempt to leaven the outliers. *Id.* at 1225. The "considerable deference" given to the trial court's sentencing judgment "should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples

of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015) (citing *Cardwell*, 895 N.E.2d at 1222).

[6]     As for the nature of the offenses, Morrell twice had sexual intercourse with a teenager in his youth group, thereby violating a position of trust he had been given. As to his character, Morrell had minimal criminal history. During the four years he was out on bond, he committed no additional offenses, was employed, and provided support for his children.

[7]     For his two offenses, Morrell received concurrent advisory sentences. The trial court showed additional leniency by suspending four years to probation. According to Morrell, he should have received the minimum sentence of six years, with no suspension. Morrell asserts "more mitigating factors were identified [compared to] the lone aggravating factor," Appellant's Brief at 9, thus suggesting that equal weight is to be attributed to each factor. However, the weight given to the trial court's reasons for imposing a sentence is not subject to appellate review. *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218.

[8]     Having reviewed the matter, we conclude that the trial court did not impose an inappropriate sentence under Appellate Rule 7(B), and the sentence does not warrant appellate revision. Accordingly, we decline to disturb the sentence imposed by the trial court.

# Conclusion

[9] The sentence imposed upon Morrell is not inappropriate.

[10] Affirmed.

Mathias, J., and Bradford, J., concur.