## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 12 2019, 6:39 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Sally Skodinski
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Karrie Lutzke,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

June 12, 2019

Court of Appeals Case No.
18A-CR-2459

Appeal from the St. Joseph
Superior Court

The Honorable Elizabeth C.
Hurley, Judge

Trial Court Cause No.
71D08-1708-F6-779

**Tavitas, Judge.**

## Case Summary

[1] Karrie Lutzke[1] appeals her sentence after her convictions for home improvement fraud, a Class B misdemeanor, and theft, a Level 6 felony. We affirm.

## Issue

[2] Lutzke raises one issue on appeal, which we restate as whether the trial court abused its discretion in sentencing Lutzke.

## Facts

[3] Lutzke met Donna Mullins ("Donna") at Donna's store in Mishawaka, Indiana, which is located inside Donna's home, and they became friends. At some point while Lutzke was visiting Donna's store, Donna and Lutzke spoke about the repairs that Donna needed on her approximately 120-year-old home. Lutzke told Donna that Lutzke and her husband, John, had the resources and skills to complete the projects that Donna wanted completed.

[4] The work on the home included installing a new roof, replacing the floor in the basement, repairing and improving the porch, painting the gutters and trim of the home, power washing, repainting the foundation, installing new vents where needed, installing beams in the home where needed, installing new carpeting, and replacing the doors in the home. Lutzke prepared the contract

---

[1] Lutzke has since changed her name to Karrie Hesselink; however, for simplicity, we will continue to identify her as Lutzke.

for Donna and Donna's husband, Ronald, to sign. The parties executed the agreement on July 29, 2015. The agreed contract price was $23,100.00. Pursuant to the parties' agreement, Donna and Ronald would pay Lutzke and John fifty percent of the contract price up front, twenty-five percent after all the materials were delivered, and the remaining twenty-five percent once the job was completed.

[5] Donna and Ronald paid the initial installment for $10,500.00 to Lutzke. Approximately three to five weeks later, the materials that should have been delivered were not yet delivered. Still, Lutzke requested Donna to pay her the next installment so Lutzke could pay the carpet supplier. Although Lutzke and John were to begin work on the home right away, they did not. Donna ultimately paid John an additional $500.00 for gas because John indicated that, otherwise, he could not afford to drive from Michigan to Donna's and Ronald's home in Mishawaka.

[6] In the end, most of the work was not completed or was done improperly.[2] Further, Donna and Ronald had to pay several suppliers directly because Lutzke and John failed to pay them. According to Donna, her home looks "horrible" and worse than it did before Lutzke and John began the renovations. Tr. Vol. II p. 53. Accordingly, Donna and Ronald did not pay the remaining twenty-five percent of the contract price, and Lutzke and John filed a

---

[2] At trial, a contractor and home inspector testified regarding the work that Lutzke and John completed on the home.

mechanic's lien on the home on December 16, 2015. Ronald and Donna then sought legal advice.[3]

[7] On August 23, 2017, the State charged Lutzke with Count I, home improvement fraud, a Class B misdemeanor, and Count II, theft, a Level 6 felony. A jury trial was held on July 26 and 27, 2018, and the jury found Lutzke guilty on both counts.

[8] The trial court held a sentencing hearing on September 12, 2018. At the sentencing hearing, the trial court stated,

> In your case you have a lengthy [criminal] history. I know [Lutzke's attorney] has said he doesn't believe much of it should be considered because of its age. I disagree. There are many offenses throughout here that are financial in nature. I guess most recently looking at a 2011 felony conviction for financial transaction device out of Michigan. So that's the most recent felony conviction of what I would call a financial nature other than the failure to pay child support conviction also from 2011. Also financial in nature but maybe not related to what we are looking at here.
>
> So I do find your criminal history a significant aggravating factor. We are talking nineteen prior convictions, four of which are felonies. So this is your fifth felony conviction. That is significant no matter what.

---

[3] Donna and Ronald obtained a civil judgment against Lutzke and John in the amount of $42,904.39; however, as of the date of trial, Donna and Ronald had not yet collected any monies from that civil judgment.

Tr. Vol. III pp. 168-69. In addition to Lutzke's criminal history, the trial court also found, as an aggravating factor, that the amount of loss in the case to the victims "is so much greater than what is necessary to prove a Level 6 felony." *Id.* at 169. As a mitigator, the trial court found that Lutzke was educated and has maintained regular employment. Ultimately, however, the trial court found that "the factors in aggravation substantially outweigh the factors in mitigation." *Id.* at 170. Accordingly, the trial court sentenced Lutzke to 180 days on Count I, and 30 months on Count II to run concurrently. Lutzke's executed sentence was for a period of one year, and the remaining time was suspended to probation. Lutzke was also ordered to pay restitution in the amount of $44,138.39. Lutzke now appeals her sentence.[4]

## Analysis

[9] Lutzke claims the trial court abused its discretion in sentencing her because the trial court relied on improperly summarized information in the pre-sentence investigation report ("PSI") with regard to Lutzke's prior convictions. Sentencing is a discretionary function of the trial court, and we afford considerable deference to the trial court's judgment. *See Stephenson v. State,* 29 N.E.3d 111, 122 (Ind. 2015). Deference to the trial court "prevail[s] unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the

---

[4] On September 28, 2018, Lutzke petitioned to modify her sentence. The trial court denied Lutzke's petition.

defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Id.* In sentencing a defendant, the trial court must enter a sentencing statement that includes "reasonably detailed reasons or circumstances for imposing a particular sentence." *Ackerman v. State,* 51 N.E.3d 171, 193 (Ind. 2016) (citing *Anglemyer v. State,* 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218). Indiana Code Section 35-38-1-7.1 provides a non-exhaustive list of potential aggravating or mitigating circumstances a court must consider.

[10] "This court has consistently held that, having been afforded the opportunity to review the [PSI], if the defendant fails to register an objection to the information contained therein, any such objection is waived for appellate review." *Dillard v. State,* 827 N.E.2d 570, 576 (Ind. Ct. App. 2005), *trans. denied.* "It is enough that the defendant had the *chance* to review the report. Whether the defendant chooses to take advantage of the opportunity to review the report makes no difference with respect to preserving the right to appeal the accuracy of the information contained in the presentence investigation report." *Id.* at 577 (emphasis supplied).

[11] Neither Lutzke nor Lutzke's counsel objected to the incorrect information in the PSI.[5] In fact, even Lutzke's counsel notes, "there are several things in the

---

[5] There is a moment in the sentencing transcript where it appears as if Lutzke's counsel intends to draw the trial court's attention to an error in the PSI; however, Lutzke intervenes. At the hearing, counsel stated:

    [LUTZKE'S COUNSEL]: If I could, we only have one error on the –

past. But those things are so far back in time, so we don't think they should have any effect on the sentencing here." Tr. Vol. III p. 162. Moreover, when the State indicated that Lutzke has "a lengthy criminal history, nineteen convictions[, f]ifteen misdemeanor and four felonies," neither Lutzke nor her counsel objected. *Id.* at 164. Lutzke's argument is waived.

[12] Waiver notwithstanding, the trial court did not abuse its discretion in sentencing Lutzke. Lutzke was found guilty of home improvement fraud, a Class B misdemeanor, and theft, a Level 6 felony. A Class B misdemeanor is punishable by "a fixed term of not more than one hundred eighty (180) days." Ind. Code § 35-50-3-3. Lutzke was sentenced to the full 180 days on the Class B misdemeanor conviction. A Level 6 felony is punishable by a "fixed term of between six (6) months and two and one-half (2 ½) years, with the advisory sentence being one (1) year." I.C. § 35-50-2-7(b). Lutzke was sentenced to thirty months, or two and one-half years, with one year executed, on the Level 6 felony.

[13] Lutzke's main contention is that the trial court relied on the PSI preparer's incorrect summary of Lutzke's criminal history. Although, as Lutzke admits, the list of criminal charges and convictions in the PSI is accurate, the preparer,

---

THE COURT: Okay.

[LUTZKE]: Just let it go.

Tr. Vol. III p. 157.

and subsequently the trial court, improperly summarized the convictions and included in its count of convictions some charges that were dismissed. Our review of the PSI indicates that Lutzke has an extensive criminal history consisting of at least nineteen convictions—both felonies and misdemeanors—prior to the instant offense. As far as felony convictions, besides the instant offense, Lutzke has been convicted[6] of one felony for stealing or retaining a financial transaction device. Lutzke has been charged with other felonies; however, the charges were either dismissed, or resulted in no prosecution.

[14] While the trial court incorrectly stated the number of Lutzke's felony convictions as four instead of one, the trial court correctly noted the numerous criminal convictions in Lutzke's PSI. Moreover, the trial court also properly noted that several of Lutzke's offenses were financial related crimes. These crimes include misdemeanor convictions for insufficient funds on six occasions and an attempt to avoid paying child support. Lutzke's long criminal record was considered by the trial court, and we would agree with the trial court that Lutzke's extensive criminal history is a valid aggravator. Whether Lutzke's criminal history demonstrated one or four prior criminal felony convictions is immaterial in light of Lutzke's long criminal record, which included theft and fraud-related charges.

---

[6] The PSI is deficient in several areas with regard to Lutzke's criminal history. On more than one occasion, the PSI does not indicate whether the conviction was a misdemeanor or felony. In our count of felony convictions, we will only include those that are clearly marked in the PSI as felony convictions.

Regardless, the trial court identified another aggravating factor—the severity of the offenses—which Lutzke does not challenge. The severity of Lutzke's offenses was such that she was ordered to pay nearly twice the amount that Lutzke initially contracted with Donna and Ronald in restitution. Moreover, the trial court noted that Donna and Ronald obtained a civil judgment in the amount of $42,904.39, and that, using that number as a benchmark, "the amount of loss is so much greater than what is necessary to prove a Level 6 Felony."[7] Tr. Vol. III p. 169. Accordingly, Lutzke failed to demonstrate that the trial court abused its discretion in sentencing her.

## Conclusion

The trial court did not abuse its discretion in sentencing Lutzke. We affirm.

Affirmed.

Crone, J., and Bradford, J., concur.

---

[7] Pursuant to Indiana Code Section 35-43-4-2, theft is a Level 6 felony if "the value of the property is at least seven hundred fifty dollars ($750) and less than fifty thousand dollars ($50,000)."