# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 07 2020, 10:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Heather M. Schuh-Ogle
Thomasson, Thomasson, Long &
Guthrie, P.C.
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Josiah Swinney
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Angel D. Sanders, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | February 7, 2020 <br><br> Court of Appeals Case No. <br> 19A-CR-2380 <br><br> Appeal from the <br> Bartholomew Circuit Court <br><br> The Honorable <br> Kelly S. Benjamin, Judge <br><br> Trial Court Cause No. <br> 03C01-1905-F6-2966 |

**Vaidik, Judge.**

[1] Angel D. Sanders pled guilty to Level 6 felony possession of a narcotic drug, and the trial court imposed an above-advisory sentence of 730 days, with 114

days executed (time served) and the balance suspended with 680 days of probation. *See* Ind. Code § 35-50-2-7 (providing that the sentencing range for a Level 6 felony is six months to two-and-a-half years, with an advisory sentence of one year). As a condition of probation, Sanders was ordered to participate in and successfully complete a program called Women Recovering with a Purpose (WRAP).

[2] Sanders now appeals her sentence, arguing, among other things, that the trial court erred in sentencing her because it failed to issue a statement explaining its reasons for imposing an above-advisory sentence. When sentencing a defendant for a felony, a trial court is required to "issue a statement of the court's reasons for selecting the sentence that it imposes unless the court imposes the advisory sentence[.]" Ind. Code § 35-38-1-1.3. A trial court's sentencing statement must include "a reasonably detailed recitation of the trial court's reasons for imposing a particular sentence." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2017), *clarified on reh'g*, 875 N.E.2d 218. A trial court abuses its discretion when it does not issue a sentencing statement. *Id.*

[3] The State concedes that the trial court was required to issue a sentencing statement and that it failed to do so. *See* Appellee's Br. p. 11. However, citing *Govan v. State*, 116 N.E.3d 1165 (Ind. Ct. App. 2019), *trans. denied*, the State argues that "any error was harmless because her sentence was not inappropriate." Appellee's Br. p. 11. In *Govan*, we affirmed a defendant's maximum habitual-offender enhancement notwithstanding the lack of a sentencing statement because the defendant had numerous prior felony and

misdemeanor convictions as well as a prior habitual-offender finding. 116 N.E.3d at 1178 ("Govan [has] accrued new convictions every few years, except when he was in prison."). Although Sanders has been arrested and charged with crimes before, this is her first criminal conviction. Therefore, we cannot say with confidence that the trial court's failure to explain its sentencing decision was harmless error. We therefore remand this matter to the trial court for the entry of a new sentencing order.

[4] That being said, the parties tell us that after Sanders was sentenced but before her Notice of Appeal was filed, the State filed a petition to revoke her probation based on her violating the conditions of the WRAP program. The probation-revocation hearing is currently scheduled for March 30, 2020. *See* 03C01-1905-F6-2966. We leave it to the trial court on remand to determine how to proceed in light of this development. If the court chooses to resentence Sanders entirely, it is free to consider her conduct after the original sentencing. *See Hull v. State*, 839 N.E.2d 1250, 1255 (Ind. Ct. App. 2005). In any event, if the court imposes an above-advisory sentence, it must include a statement of its reasons for doing so. *See* I.C. § 35-38-1-1.3.

[5] Reversed and remanded.

Najam, J., and Tavitas, J., concur.