## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 30 2020, 9:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Lisa M. Johnson
Brownsburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Christopher A. Smith, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | June 30, 2020 <br><br> Court of Appeals Case No. 20A-CR-873 <br><br> Appeal from the Adams Superior Court <br><br> The Honorable Patrick R. Miller, Judge <br><br> Trial Court Cause No. 01D01-1811-F6-219 |

**Baker, Judge.**

[1] Christopher Smith appeals the sentence imposed by the trial court after Smith pleaded guilty to Level 6 felony theft of a firearm. Smith argues that the trial court neglected to find certain mitigators and found aggravators that are improper and/or not supported by the evidence in the record. Finding no reversible error, we affirm.

## Facts

[2] On August 29, 2018, Smith contacted Adam Affolder about a rifle that Affolder had listed for sale. Through a series of exchanged emails, Affolder agreed to sell the rifle to Smith for $1,000, to be paid by money order at the insistence of Smith and over the objections of Affolder. The exchange of the rifle and money order occurred on August 31, 2018. On September 10, 2018, Affolder's bank informed him that the money order was forged or counterfeit; Affolder contacted law enforcement the next day.

[3] On November 26, 2018, the State charged Smith with Level 6 felony theft of a firearm. On October 28, 2019, the morning of his jury trial, Smith pleaded guilty as charged, leaving sentencing open to the trial court's discretion. The trial court ordered Smith to report to the probation department for a pre-sentence investigation (PSI) report and to community corrections to be pre-screened for home detention eligibility. The trial court also scheduled a sentencing hearing for November 13, 2019.

[4] Smith failed to report to the probation department or community corrections and failed to appear at the sentencing hearing. The trial court issued a warrant

for his arrest. On February 9, 2020, Smith was arrested pursuant to the warrant. As a result of that encounter, Smith was charged with resisting law enforcement.

[5] Smith's sentencing hearing took place on March 9, 2020. At that hearing, Smith stated that he had failed to report to the probation department or community corrections because of an inability to contact them for scheduling. He also claimed that he missed the original sentencing hearing because he was in the hospital for seventy-two hours in relation to his bipolar disorder. Smith has a son, C.S., who is almost eight years old and was a ward of the Department of Child Services (DCS) as a result of a Child in Need of Services (CHINS) case at the time Smith committed the instant offense. Smith and his wife have custody of C.S. under the CHINS case. As a result of Smith's incarceration, it is possible that DCS will recommend that C.S. be moved to foster care.

[6] The trial court found the following aggravating factors: Smith's criminal history; Smith's previous violations of probation; Smith's failure to report to probation and community corrections and failure to appear at the original sentencing hearing; Smith's new charge of resisting law enforcement; the fact that as a felon, Smith had no right to possess any firearm, let alone an "assault style rifle weapon," tr. vol. II p. 39; and Smith's detailed and methodical plan to steal the rifle. The trial court found the following mitigating factors: Smith's guilty plea (though the trial court noted that he had pleaded guilty only on the morning of the jury trial when the jury had already been called); and the

hardship to C.S. (though the trial court found that the hardship was not undue). The trial court sentenced Smith to 820 days, with 410 days to be executed at the county jail and the remaining to be served on home detention. Smith now appeals.

# Discussion and Decision

Smith argues on appeal that the trial court erred in the sentencing process.[1] A trial court may err in the sentencing process by, in relevant part, giving reasons for the sentence that are not supported by the record, omitting reasons that are clearly supported by the record and advanced for consideration, or giving reasons for a sentence that are improper as a matter of law. *Anglemyer v. State*, 868 N.E.2d 482, 492 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007). If we find a sentencing error, we will still affirm unless we "cannot say with confidence that the trial court would have imposed the same sentence" absent the error. *Id.* at 491.

### *Mental Health*

First, Smith argues that the trial court erred by declining to find his mental health to be a mitigating circumstance. In making this argument, Smith bears the burden of establishing that the mitigating circumstance is both significant and clearly supported by the record. *Wert v. State*, 121 N.E.3d 1079, 1084 (Ind. Ct. App. 2019), *trans. denied*. There are four factors that must be considered

---

[1] He does not argue that his sentence is inappropriate pursuant to Indiana Appellate Rule 7(B).

when considering a defendant's mental illness at sentencing: (1) the extent of the defendant's inability to control his or her behavior due to the disorder; (2) overall limitations on functioning; (3) the duration of the mental illness; and (4) the extent of any nexus between the disorder and the commission of the crime. *Bryant v. State*, 984 N.E.2d 240, 252 (Ind. Ct. App. 2013).

[9] The only evidence in the record of Smith's mental illness is his own brief testimony. While he testified that he has been diagnosed with bipolar disorder and takes medication to treat the condition, he offered no documentation or other evidence to support that testimony. If the trial court found Smith to be of questionable credibility and veracity, the lack of supporting documentation may have been a significant omission with respect to the first three factors described above. Additionally, Smith did not elaborate at all about the nature of his mental illness, did not state that he was unable to control his behavior, and did not state the duration of the mental illness. The extent of his testimony in this regard was two brief sentences at the hearing and a brief statement to probation during the PSI process. Tr. Vol. II p. 21 ("I have bipolar"), 25 ("I was being seen for my bipolar. I was being seen for a serious panic episode."); Appellant's App. Vol. II p. 94 (Smith "reported he has been diagnosed with bipolar disorder and is currently taking [medication] to treat his symptoms").

[10] Moreover, Smith must also show a nexus between his mental illness and the crime for which he was being sentenced. He offered no evidence in this regard. Under these circumstances, even if the trial court had found Smith's mental illness to be a mitigator, we are confident that it would have assigned the

mitigator little weight and, as a result, would have imposed the same sentence. Therefore, we find no reversible error in this regard.

### Hardship to C.S.

[11]     Next, Smith argues that the trial court erred by finding that, while C.S. would experience hardship because of Smith's incarceration, the hardship would not be undue. The trial court found hardship to C.S. to be a mitigator, which means that this argument amounts to a claim that the trial court did not assign it sufficient weight—which we may not review. *Anglemyer*, 868 N.E.2d at 492.

### Pending Criminal Charge

[12]     Next, Smith argues that the trial court erred by considering his pending charge for resisting law enforcement as an aggravator because he had not yet been convicted of that crime. It is well established, however, that allegations of criminal activity "need not be reduced to conviction before they may be properly considered as aggravating circumstances by a sentencing court." *Harlan v. State*, 971 N.E.2d 163, 170 (Ind. Ct. App. 2012). Here, the trial court acknowledged the pending criminal charge and found it to be an aggravator, but also emphasized that "[Smith] is presumed innocent, he has not yet been convicted, [it] is a pending charge. Probable cause was found by the court[] therein and occurred while he was awaiting sentencing in this matter." Tr. Vol. II p. 39. We find no error in this regard.

### *Nature of the Stolen Weapon*

[13]     Finally, Smith argues that there is no support in the record for the trial court's comment that the rifle that Smith stole was "an assault style rifle weapon[.]" *Id.* Initially, we note that Smith's wife described the weapon as an "assault rifle[.]" Appellant's App. Vol. II p. 20. Additionally, there was a photograph of the rifle admitted into evidence, and the trial court could have considered that photograph when contemplating the type of weapon and its bearing on the sentence to be imposed. In other words, there was evidence in the record supporting this statement.

[14]     Even if the evidence in the record in this regard is questionable, however, it is beside the point. The actual aggravator found by the trial court was that Smith, a felon, illegally acquired a firearm. That is unquestionably a valid and proper aggravator that is supported by the record. Therefore, we find no error in this regard.

[15]     The judgment of the trial court is affirmed.

Bradford, C.J., and Pyle, J., concur.